## EATON vs. KIRKMAN.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Competency of assignor as witness for assignee.*—Although the assignor or transferror is not a competent witness for the assignee or transferree, (Code, § 2290.) to prove the cause of action; yet he is competent to disprove a payment, release, or other matter in discharge of the debt.

2. *Presumption in favor of ruling of primary court.*—When the transferror or assignor is allowed to testify as a witness for the transferree or assignee, and the bill of exceptions does not disclose what facts were proved by him, the appellate court will presume, in favor of the ruling of the primary court, that he was not allowed or offered " to prove the cause of action."

3. *Competency of witness as affected by interest.*—A transferror by delivery, of the equitable title to a note, is not incompetent as a witness for the transferree, under section 2302 of the Code.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. ROBT. DOUGHERTY.

THIS action was brought by James J. Kirkman, as the assignee of Charles Gookin, against Emerson H. Eaton and Henry C. Wood; and was founded on the defendants' promissory note for $267, dated November 4, 1856, and payable five days after date, to Charles Gookin, or order, by whom it was assigned, without recourse, to the plaintiff. The defendants pleaded *nil debent*, and want of consideration, with leave to give in evidence under the former plea any special matter of defense; and a trial was had on issue joined on these pleas. On the trial, after the plaintiff had read in evidence the note which was the foundation of the suit, the defendants introduced Charles

Gookin as a witness, who testified as follows : " On Tuesday morning of the late presidential election, the defendant Eaton and one Hargraves made a bet on said election, and appointed witness stakeholder. Hargraves put up the amount of the bet in witness' hands in money. Eaton had only $58 in money, which he handed to witness, and then brought him the note here sued on, and desired witness to advance the amount of said note for him, and hold the same, with the $58, as his part of the stakes, to abide the result of said election. Witness did not make the advance, but held the note, with the $58, as said Eaton's stake. Hargraves knew what Eaton had done, in putting up the $58, making the note, &c. ; and called on witness late in the evening of the same day, and inquired whether Eaton had put up money in lieu of the note ; and, when informed by witness that he had not, made no reply, and went off. On the next morning Hargraves again called, and was again informed that the money had not been put up by Eaton in place of the note ; and he then said, that if it was not done by 2 o'clock that evening, it would be no bet. On Thursday morning the result of the election was being made known by telegraph. Eaton called on witness, and demanded his money and note, saying that he could not raise the money. Afterwards, during the same morning, Hargraves called on witness, and asked if the money had been put up in the place of the note ; and when informed that it had not been, said, 'he didn't care, it was a bet any how.' When witness learned the result of said election, he handed Hargraves the $58, and, by his directions, assigned the note to Kirkman." Defendants then " offered said Hargraves as a witness," who stated on his *voir dire,* " that he made the bet as testified by Gookin ; that Kirkman was interested with him in said bet ; that after the result of the election was known, Kirkman gave him $25 for his interest in the note ; that when Gookin handed over the $58 to him, he told Gookin that he might assign over the note to Kirkman, as he had no further interest in it ; that he did not tell Gookin how to assign it, &c. The defendants then objected to Hargraves as a witness, on the ground

that he was in fact the assignor of the note. The court overruled the objection, and permitted the witness to testify; to which the defendants excepted," and which they now assign as error.

W. B. Wood, and E. A. O'Neal, for appellants.
R. W. Walker, and Jno. S. Kennedy, *contra*.

A. J. WALKER, C. J.—The only objection made to the competency of the witness Hargraves was, "that he was in fact the assignor of the note" sued upon. If Hargraves was the plaintiff's assignor, he was incompetent, under section 2290 of the Code, only to prove the cause of action. Under the pleadings in this case, defenses may have been made, which did not dispute the original existence of the cause of action, but asserted "a payment, release, or other matter in discharge of the debt."— 1 Chitty on Pleading, 481–82. While, if the assignor or transferror, he would not be a competent witness to prove the cause of action, he would be competent to disprove the truth of the defense of "payment, release, or other matter in discharge of the debt." The bill of exceptions does not disclose, and we cannot upon the pleadings in this case infer, that the witness was offered to prove the single thing which he was incompetent to prove. The court permitted the witness to testify; and presuming, as we are bound to do, in favor of the correctness of the ruling of the court below, we must not infer that the witness was offered to prove the only thing which, if he was a transferror of the note, he was incompetent under the statute to prove.

If the witness was a transferror of the note sued upon, he was only a transferror by delivery of the equitable title, and could not be incompetent under section 2302 of the Code.

The judgment of the court below is affirmed.

R. W. Walker, J., having been of counsel, did not sit in this case.