## WYNNE *vs.* WHISENANT.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGINST MAKER.]

1. *Duplicity in plea.*—A plea which is double, is not demurrable on that account.
2. *Illegality of consideration of note.*—If the consideration of a note is partly illegal, it avoids the whole note; but the maker, when sued on the note, may nevertheless waive the illegality, and insist on a failure of the consideration.
3. *Presumption in favor of judgment.*—When no pleas appear in the record, the appellate court will presume that proper pleas were filed to let in the evidence which the primary court admitted.

APPEAL from the Circuit Court of Calhoun. Tried before the Hon. S. D. HALE.

THIS action was brought by M. W. Wynne, against W. J. Whisenant ; and was founded on the defendant's promissory note for $866 66, dated October 16, 1854, and payable on the 1st day of May next after date, with interest from date. No pleas appear in the record. On the trial before the jury, as the bill of exceptions shows, after the plaintiff had read in evidence the note described in his complaint, "defendant proved that, a short time before the note was executed, there had been a fight between him and his two sons, on the one side, and the plaintiff on the other ; that the plaintiff had sustained considerable personal injury in the fight, and had afterwards sued out a warrant against the defendant and his two sons, before a justice of the peace, for an assault and battery ; and then introduced some evi-

dence tending to show, that the consideration of said note was an agreement between plaintiff and defendant, to the effect that plaintiff would stop said prosecution, and would not attend the circuit court, but would go out of the county. The plaintiff introduced testimony tending to prove, that the sole consideration of said note was the injuries inflicted on his person in the fight. The defendant proved that, at the next term of the circuit court for said county, he and his two sons were indicted for said fight; and then proposed to prove, that plaintiff did attend said term of the court, and was examined as a witness in behalf of the State on the trial 'of said indictment." To each portion of this evidence the plaintiff objected, as illegal and irrelevant; the court overruled his objections, and he excepted. The defendant then proposed to prove, "that in the settlement made between him and the plaintiff, out of which grew the note now sued on, other matters than the said fight were included; stating at the time, that he did not propose to prove what those matters were, but to show that all matters between them were settled." The plaintiff objected to this evidence, as illegal and irrelevant, and reserved an exception to the overruling of his objection. The several rulings of the court on the evidence, to which exceptions were reserved, are now assigned as error.

JAS. B. MARTIN, for appellant.
ALEX. & JNO. WHITE, contra.

STONE, J.—If the defendant in this case had pleaded, that the consideration of the note sued on was, that the plaintiff should abandon the prosecution he had instituted against the defendant—should leave the State, and not appear as a witness on the trial, and that the plaintiff, in violation of his agreement, had appeared and given evidence on the trial against defendant,—the plea would, perhaps, be double, and unnecessarily prolix; but a demurrer to it would not be sustained. The plea being in this form, no one, we apprehend, would gainsay the right of the defendant

to introduce evidence in support of each averment in the plea.

Again : The case of *Kirkman v. Eaton*, (35 Ala. 272,) is, at least, an implied authority for the proposition, that one who has a valid defense to an executory contract, on the ground of illegality of consideration, may waive that specific defense, and rely on the averment that the *aggregatio mentium*—the concurrence of minds between the contracting parties—has never been consummated. In the case cited, although the note was executed to be wagered, and was wagered on the result of an election that was pending; yet the plaintiff recovered in the court below, and the judgment was affirmed in this court.

The plaintiff having declared specially on the note in this case, which note purported to be signed by the party sought to be charged, he made out a *prima-facie* case for recovery when he read his note in evidence.—Code, §§ 2278-9. It was competent for defendant, under an appropriate issue, to prove that the consideration was, either in whole or in part, illegal ; or, waiving that, to show that the plaintiff had violated his part of the agreement, which furnished the consideration of the promise. If the consideration was in part illegal, it avoided the whole note.— 1 Story on Contracts, §§ 569, 459 ; 1 Parsons on Contracts, 365, note.

In the present record there are no pleas. In such case, it is our duty to presume that proper pleas were filed to let in the evidence.—Shep. Digest, 572, § 152.

The first and second exceptions of defendant are covered by what we have said above. There is nothing in the third exception. It was certainly permissible for either party to prove the real consideration of the note.

Judgment affirmed.