# BELL *vs.* CHAMBERS.

[STATUTORY ACTION AGAINST OWNERS OF STEAMBOAT, FOR LOSS OF SLAVE TRANSPORTED WITHOUT WRITTEN AUTHORITY.]

1. *Error without injury in admission of evidence* prima facie *inadmissible.* The admission of evidence which, when offered, is *prima facie* inadmissible, is cured by the subsequent introduction of the necessary preliminary proof.

2. *Examination of defendant as witness against co-defendant.*—When one of several defendants is examined as a witness against his co-defendants, (Code, § 2289,) this does not make him a general witness in the cause, nor authorize his co-defendants to cross-examine him as to any matter of defense not called out by his direct examination.

3. *Registration of ownership of steamboat.*—In an action against the owners of a steamboat, as registered under the act of February 15, 1854, (Session Acts, 1853-4, p. 50,) the defendants cannot exonerate them-

Bell v. Chambers.

selves from liability by showing a change of ownership, unless such change of ownership has also been recorded as required by that statute.

4. *Deposition; how taken.*—Where the commissioner certifies, that the witness, having read over the answers of another witness, "did solemnly swear that he would adopt them, but the steamboat, on which he was going up the river, left before he could subscribe them," the deposition cannot be read in evidence.

5. *Statutory liability of owners of steamboat, for loss of slave transported without master's written authority.*—It is a complete defense to a statutory action against the owners of a steamboat, for the loss of a slave who was transported on their boat without the written authority of the master, (Code, § 1010,) that the slave "was a white man in all and every appearance, and would be so received and treated wherever he might go, without suspicion, where he was unknown, and that the defendants and their agents had no knowledge or suspicion of his being a slave."

6. *Same ; counsel fees recoverable as part of damages.*—In such action, the plaintiff's counsel fees are recoverable as a part of the "reasonable expenses attending the prosecution of the suit."

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by John A. Chambers, against Thomas D. Bell and others, as owners of the steamboat *J. M. Brown*, to recover damages for the loss of a slave who was transported on the defendants' said steamboat without the written authority of the plaintiff; and was commenced on the 30th July, 1860. The defendants pleaded "the general issue," and issue was joined on that plea. On the trial, as the bill of exceptions states, "for the purpose of proving the ownership of the said steamboat, the plaintiff offered in evidence a transcript from the probate court of Mobile, filed under the act approved February 15, 1854, setting out the names of the owners at that time. This was objected to as evidence against any of the defendants except Bell, by whom the affidavit was made, on the ground that his agency or authority to make the affidavit of ownership was not proved. The objection was overruled, and the defendants excepted. The plaintiff afterwards introduced said Bell as a witness against his co-defendants, under section 2289 of the Code. This was objected to by the

other defendants, on the ground that it was not legal in this form of action, and that there was evidence against him. The court overruled the objection, and the said defendants excepted."

"The plaintiff asked said Bell, whether the defendants were in fact the owners of said boat at the time he made said affidavit; and the witness answered, that they were. Plaintiff then asked him, whether he was authorized by the other defendants to act for them, as their agent, in making said statement and affidavit; and he answered, that he was. Defendants' counsel then asked him, who were the owners of the boat at the time the mischief complained of was done. The plaintiff objected to this question, on the ground that the witness could not be examined generally by his co-defendants, as this would make him a witness for them, while the Code made him a witness only for the plaintiff. The court sustained the objection, and refused to let the witness be examined except on the point inquired of by the plaintiff—that is, as to the agency and ownership at the time the affidavit was made; to which the said defendants excepted. The said defendants proposed, also, to ask said Bell other questions, as to the value of the slave, and the liabilities of the parties; all of which the court refused to allow, on the ground above stated; to which several rulings the defendants excepted.

"The plaintiff had taken the deposition of one Moore, which was on file, and which the defendants offered to read. The plaintiff objected, on the ground that it was insufficiently taken, was not subscribed, and was not properly verified by the deponent. The objections were *overruled*, and the defendants excepted." The deposition referred to purports to set out the answers of the witness to the interrogatories and cross-interrogatories, but is not subscribed by him; and the certificate of the commissioner states, that said witness, "after having read over the answers of E. H. Baldwin, did solemnly swear that he would adopt them, but the steamboat, on which he was going up the river, left before he could subscribe them after 1 had written them off."

"The plaintiff offered to prove what were reasonable fees for his counsel for attending to this case, as a part of his right to recover. The defendants objected to this evidence ; the court overruled their objection, and they excepted. The plaintiff then proved the ownership of the negro, and his value ; and offered evidence tending to show that he was transported on said boat, and was lost during her passage up the river. The defendants then offered evidence tending to show, that the man alluded to as being lost from said boat, was a white man in all and every appearance, was recognized and treated as a white man, had hired himself on board as such, slept in the white apartments with the white people, and could not be taken for a slave by any one not knowing the fact. This evidence was objected to by the plaintiff, but was admitted by the court, for the purpose of showing that the person alluded to was not a negro, and could not be a slave, and, from the description, could not be the identical man claimed by the plaintiff; but restricted it to these purposes, and refused to allow it as an excuse, or justification, or for any such purpose ; to all of which the defendants excepted."

The defendants requested the court to instruct the jury, among other things, "that if the boy was in fact a white man in all and every appearance, and would be so received and treated wherever he might go, without suspicion, where he was unknown, and the defendants and their agents had no knowledge or suspicion of his being a slave, they must find for the defendants." The court refused this charge, and the defendants excepted to its refusal.

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

DARGAN & TAYLOR, for appellant.
GEO. N. STEWART, *contra.*

STONE, J.—We deem it unnecessary in this case to decide, whether or not the transcript from the registry of ownership in the probate court of Mobile, made on the re-

port and affidavit of Bell, was or was not evidence against the other defendants in the case. The defendant Bell was afterwards introduced by the plaintiff, as a witness against his co-defendants, and testified, that he was the agent of the owners, authorized to make the report and affidavit; and that the persons therein named were at the time the owners of the steamboat *J. M. Brown*. Hence, whether the evidence, when offered, was or was not admissible against the other defendants, there can be no question of its admissibility after Bell had testified. The error, if any, was cured by his testimony.—Shepherd's Digest, 568, § 89; Pamph. Acts, 1853-4, p. 50.

[2.] The right of plaintiff to introduce Bell as a witness against his co-defendants, is plainly and explicitly conferred by the statute.—Code, § 2289. It is equally clear that the introduction of this witness by the plaintiff did not constitute him a general witness in the cause. It was not permissible for the defendants to examine him on any matter of defense not called out by the plaintiff in his examination.—*Hurter & Hill v. Buford*, in manuscript ; *Eaton v. Kirkman*, 35 Ala. 272.

[3.] The inquiry, whether or not there had been a change of ownership of the steamboat *J. M. Brown*, between the time of the registration aforesaid, and the loss of the slave sued for, unless a statement of such change had also been made out, sworn to and filed, as the statute requires, was wholly immaterial. The owners reported on oath to the probate court, must be, as to all liabilities to the public, conclusively regarded as the owners, until they exonerate themselves in the manner pointed out by the statute.—Acts of 1853-4, p. 50.

[4.] The circuit court did not err in excluding the imperfectly taken deposition of the witness Moore.

[5.] "The defendants offered evidence tending to show, that the man alluded to as being lost from the boat, was a white man in all and every appearance, was recognized and treated as a white man, had hired himself on board as such, slept in the white apartments with the white people, and

could not be taken for a slave by any one not knowing the fact." The court received this evidence for a qualified purpose, namely; "for the purpose of showing that the person alluded to was not a negro, and could not be a *slave*, and, from the description, was not the *identical* man claimed by plaintiff; but restricted it to these purposes." Several charges were also asked on this feature of the case, one of which was in the following terms: "That if the boy was in fact a white man in all and every appearance, and would be so received and treated wherever he might go, without suspicion, where he was unknown, and the defendants and their agents had no knowledge or suspicion of his being a slave, they must find for defendants." This charge was refused.

This question is not free from difficulty. The statute imperatively imposes the penalty "on any railroad companies, the master or owner of any steamboat or vessel, in which a *slave* is transported or carried, without the written authority of the owner or person in charge of said slave." Code, § 1010. Under the well established legal maxim, *partus sequitur ventrem*, a person may be a slave, and yet so far removed from the African stock, as to leave no trace of its blood or color. On the other hand, it is well settled, that color raises the presumption of *status*. A white person is presumed to be free; and, in all communities where African slavery exists, a black person is presumed to be a slave.—*Hudgins v. Wright*, 1 Hen. & Munf. 139; *Hook v. Pagee*, 2 Munf. 384; *Gentry v. McMinnis*, 3 Dana, 382; *Gatliffe v. Rose*, 8 B. Mon. 632; Cobb on Slavery, §§ 68–9; *Fox v. Lambron*, 3 Halst. 277; *Scott v. Williams*, 1 Dev. 376; 1 Phil. Ev. (Cow. & Hill's Notes, 4th ed.) 603, 665, 822.

Section 1010 of the Code is highly penal in its terms; and we do not think the case supposed in the charge copied above, is within the spirit of the statute. To hold it within the statute, might cast on railroads, owners of steamboats, &c., liabilities in cases where the greatest diligence, short of requiring proof of freedom in every case, could not

bear them harmless. To lay down a rule which leads to results so revolting to all our notions of propriety, is certainly going far beyond anything the legislature ever contemplated. We therefore hold, that the charge copied above should have been given.—1 Black. Com. 91.

In what we have said above, we do not wish to be understood as passing upon the sufficiency of the evidence in this case. That is a question for the jury. Nor do we wish to relieve officers and agents of railroads and vessels from a diligent exercise of watchfulness and scrutiny of persons who seek transportation at their hands. All we now affirm is, that when a case is brought within the facts supposed in the charge we are considering, the spirit of section 1010 of the Code has not been violated.

The circuit court erred in not receiving the evidence offered, without restriction; and in not giving the charge asked.

[ 6. ] But there was no error in allowing proof of the value of plaintiff's counsel fees in this action. The statute expressly gives the right to recover all reasonable expenses attending the prosecution of the suit; and counsel fees are certainly expenses attending the prosecution of the suit.—Code, § 1010.

The question raised on the right to examine the witness who came in after both sides had announced their testimony closed, need not be decided, as the question will not probably be again presented in its present form.

Reversed and remanded.