# United States Fidelity and Guaranty Co. v. Charles *et al.*

*Action upon a Promissory Note.*

1. *Promissory note; illegal consideration.*—Where a note is given upon a consideration that the payee therein will abstain from criminal prosecution of the principal maker, such promise on the part of the payee is against public policy, and the note is founded upon an illegal consideration and is unenforceable.—(*Bibb v. Hitchcock*, 49 Ala. 468, in so far as it asserts a principle contrary to the one here announced, overruled).

2. *Same; same; sufficiency of plea.*—In an action upon a promissory note, brought by the payee against the sureties on said note, a special plea which sets up that said note was given in consideration of an agreement and promise made by the payee not to prosecute the principal maker on said note for the embezzlement committed by him, sets up a good defense, since the consideration of such note was against public policy, illegal and rendered the note unenforceable.

3. *Charge of court to jury in civil case; sufficiency of evidence.*—In the trial of a civil case, a charge requested by one of the parties which is calculated to impress the jury, that a greater measure of proof was necessary in order to authorize a verdict than that the jury should be reasonably satisfied from the evidence, is properly refused as being misleading.

4. *Action upon promissory note; charge of court to jury.*—In an action upon a promissory note, where the defendant sets up that the note was founded upon an illegal consideration, a charge requested by the plaintiff which instructs the jury that "If the agreement between the plaintiff and the defendants, which induced the signing of the notes sued on, is equally capable of two constructions, one legal and the other crim-

. inal, the jury should rather hold to the construction making the agreement legal then to the construction making the agreement criminal," is properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This action was upon certain promissory notes, containing a waiver of exemptions executed by one Caldwell as principal and appellees as sureties and payable to appellant. The defendants (appellees) set up by way of special defense that they signed the note, as surety for said Caldwell, upon a promise or agreement on the part of the plaintiff not to prosecute said Caldwell for an embezzlement of which he was guilty as an employee of the Standard Building and Loan Association, the plaintiff being a surety on his bond as such employee. A demurrer was interposed to the pleas setting up this defense upon the ground that it appeared that there was a valid and legal consideration as against the principal of the notes. This demurrer was overruled. Upon the trial it was shown that the agent of the plaintiff, after satisfying Caldwell's defalcation, told him that if he would give plaintiff a note with sureties for the amount of the defalcation it would be all right, otherwise the law would have to take its course; that thereupon Caldwell requested defendants to sign the notes; and that but for this language as used to Caldwell, defendants would not have signed the same, and there was no other consideration for defendant's signature to the same.

The plaintiff requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1:) "In order to constitute a defense to the notes sued on, the defendants must show by clear proof that in consideration of the execution of the notes sued on, the plaintiff agreed to refrain from criminal proceedings against F. W. Caldwell for the embezzlement of the funds made good by plaintiff." (3.) "If the agreement between the plaintiff and the defendants, which induced the signing of the notes sued on is equally capable of two construc-

tions, one legal and the other criminal, the jury should rather hold to the construction making the agreement legal, than to the construction making the agreement criminal."

There were verdict and judgment for defendant, and plaintiff appeals.

MARKS & SAYRE, for appellant.—In *Bibb v. Hitchcock*, 49 Ala. 468, the precise question involved in this suit was decided in favor of the plaintiff. The court held that the note of the principal, being based upon the consideration of a *bona fide* existing debt due by the principal to the plaintiff, was unaffected by an agreement on part of plaintiff not to prosecute the principal. It was further held that, as the note bound the principal, it also necessarily bound the sureties. See also *Flower v. Sadler*, 10 Q. B. Div. 572; *Armstrong v. So. Ex. Co.*, 4 Baxt. (Tenn.) 376; *Crowder v. Reid*, 80 Ind. 1.

RAY RUSHTON, *contra*.

DOWDELL, J.—The first and third pleas, to which demurrers were interposed by plaintiff and overruled by the court, set up the illegality of the consideration of the notes sued on. These pleas aver that the notes were given in consideration of an agreement and promise made by the payee not to prosecute the principal maker of said notes, viz., one Caldwell, for the embezzlement by him of $650 from the Standard Building & Loan Association, of Montgomery, Ala., in the employment of which company he was engaged as a bookkeeper. It is further shown by said pleas that the payee Guaranty Company was security upon the employment bond of said Caldwell at the time of said embezzlement by him, and as such surety paid to said Building & Loan Association the said sum so embezzled.

That there was an implied contract under the law on the part of Caldwell to pay to said Guaranty Company the amount so paid by it to the Building & Loan Association for his said default, there can be no doubt,

and that upon such implied contract a right of action existed and a recovery could be had by the Guaranty Company against said Caldwell is equally clear, but that is not the contract here sued upon. The contract sued upon is an express contract, made by said Caldwell together with the defendants as his sureties, which is based upon a consideration which is, at least, in part, illegal. It is contended by counsel for appellant that the only difference between the contract implied by law and the express contract sued upon is one of evidence. In this contention appellant's counsel is mistaken. The express contract, besides carrying with it the obligation of the defendants as sureties, also provides for a waiver of exemptions, neither of which existed in the implied contract. The plaintiff, in his action, relies wholly upon the express contract, and upon it he must stand or fall without any regard to the implied contract which the law raised up between plaintiff and the principal debtor out of the circumstances of the default and embezzlement. It is a well settled principle of law that a consideration in part illegal will avoid the entire contract.—1 Brick. Dig. 382, § 116, and cases there cited.

The fact that there was a contractual relation existing between Caldwell and the Guaranty Company, by virtue of the latter's suretyship upon a bond for the faithful performance of duty by Caldwell to his employer, the Standard Building & Loan Association, cannot vary the principle laid down in the authorities above cited, or purge the contract of the illegality of consideration. When the Guaranty Company paid the amount of the default to the Loan Company, it then occupied the same relation to the embezzler, as to an implied promise by him to refund, as existed between the embezzler and the Loan Company from whom he embezzled the funds, before said Guaranty Company settled the defalcation. It is the promise, as an inducement to the contract sued upon, that the payee will abstain from criminal prosecution of the principal maker, that taints the consideration of the note; being opposed to public policy and offensive to the law.—*Moog v. Strang,* 69 Ala. 98; *Wynne v. Whisenant,* 37 Ala. 46; *Milton v. Haden,* 32 Ala. 30.

The case of *Bibb v. Hitchcock,* 49 Ala. 468, is cited as an authority in support of the appellant's contention here, and as being directly in point. The facts in that case are not the same as the facts here; but in so far as any principle of law there stated, bearing upon the question here under consideration, is opposed to the views expressed by us above, we decline to follow it. Moreover, it may be suggested that what was said in *Bibb v. Hitchcock,* relating to the consideration of the contract was unnecessary to the decision of that case, as the court very properly for other reasons there stated, held the bill to be without equity.

It has been several times decided by this court that the proper measure of proof necessary to a verdict in civil cases is that the jury shall be reasonably satisfied from the evidence. Charge No. 1, requested by the plaintiff, was in its tendency misleading, in that it was calculated to impress upon the jury that a greater measure of proof was necessary than that laid down in the above rule.

Charge No. 3, requested by the plaintiff, and which was refused, was likewise calculated to mislead. Besides, it excluded from consideration by the jury all the evidence in the case except that of the agreement between the plaintiff and the defendant. Although the agreement, if taken alone, should be equally capable of two constructions, one legal and the other criminal, the jury would not be bound under the law to adopt the former rather than the latter construction, if other evidence in the case tended to show illegality in said agreement.

There appearing no error in the rulings of the court, the judgment of the court below is affirmed.