# West *v.* Teabo, *et al.*

### Detinue.

(Decided January 20, 1916.   Rehearing denied February 5, 1916.
70 South. 957.)

1. **Mortgages; Validity; Illegal Consideration.**—The fact that a mortgage and note were given to compromise a criminal prosecution against one of the makers is a defense to an action of detinue by one claiming under the mortgage, section 6469, Code 1907, prescribing a penalty for compounding a felony.

[West v. Teabo, et al.]

2. **Same; Evidence.**—Where plaintiff claimed under a mortgage and defendant asserted that the mortgage was given to compromise a prosecution, and the probate judge who issued the warrants testified they were filed away in his office, that he had made diligent search for them in the places where he usually kept them, but was unable to find them, it was not error to permit a deputy sheriff to testify to the correctness of a purported copy of one of the warrants which was made out by him, and furnished to the wife of defendant, and that the other warrant was like the one copied except in particulars stated by him.

3. **Same.**—In such a case the testimony of a deputy sheriff that he arrested defendants under warrants, a copy of one of which was introduced in evidence, and that the warrants were subsequently withdrawn by plaintiffs, was admissible.

4. **Same.**—In such a case the testimony of defendant that plaintiff agreed to and did dismiss prosecutions against defendant upon the execution of the mortgage mentioned, and that plaintiff then surrendered certain checks which defendant had given, but which had not been honored because of lack of funds, was admissible.

5. **Same; Illegal Consideration.**—Warrants charging the issuing of checks with intent to injure or defraud, though inapt in expression, were sufficient as the commencement of a prosecution for false pretenses to render invalid a mortgage executed in compromise of the prosecution, to secure their withdrawal, and an agreement not to prosecute the case.

6. **Appeal and Error; Harmless Error; Evidence.**—Where plaintiffs claimed under a mortgage which defendants asserted was given in compromise of a prosecution, the admission of testimony tending to show that defendant was innocent was not prejudicial to plaintiff, although guilt or innocence of the charge was immaterial on the question of the invalidity of the mortgage.

7. **Mortgages; Validity; Evidence.**—In such a case where the warrants issued were vague and indefinite as to the offense charged, the dishonored checks issued by defendant were properly admitted in evidence, together with evidence that the giving of the check was the basis for the swearing out of the warrants.

8. **Same.**—In such a case, the court did not err in permitting plaintiff to be asked on cross examination as to his purpose, in swearing out the warrant, and why he dismissed them as soon as the mortgage was executed.

9. **Same.**—In such case, evidence that shortly prior to the swearing out of the warrant and prosecution, plaintiff sued defendant on the dishonored checks, and defendant claimed his exemptions against the attachment or judgment, after which the warrants were sworn out, and that the warrants were dismissed and the checks surrendered on execution of the mortgage, was admissible.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Detinue by Eugene I. Weil, doing business, etc., against V. L. Teabo and another for certain household goods. From a judgment for defendants, plaintiff appeals. Affirmed.

[West v. Teabo, et al.]

The following is plea 5:  Defendants for further answer to the complaint say the plaintiff ought not to recover in this cause, for that before the commencement of this suit the defendant George W. Teabo had some dealings with the plaintiff in and about certain checks given to the plaintiff in payment of an account, and the plaintiff procured the issuance of two warrants against the said defendant, and had him arrested and placed under bond for his appearance before the Honorable L. L. Herzberg, judge of the county court of Etowah county, Alabama, to answer certain criminal charges growing out of the giving to plaintiff of said checks, and while said criminal charges were pending one or both of which charges constituted a felony under the law of Alabama, the plaintiff agreed and promised, if the defendants would make a mortgage payable to plaintiff and covering the property described in the complaint and sued for therein, that he, the plaintiff, would not further prosecute said criminal charges against the said George M. Teabo, and would have the same dismissed out of said county court; and defendants further aver that upon said understanding and agreement, and with the desire and purpose to secure immunity from further prosecution of said offenses so charged against the said George M. Teabo, they executed said mortgage and delivered the same to the plaintiff, and he relies entirely upon said mortgage for title to the property sued for in this cause.

GEORGE D. MOTLEY, for appellant.  MCCORD & DAVIS, for appellee.

THOMAS, J.— (1) · The action was one of detinue brought by the appellant, Weil, against the appellees to recover of the latter certain personal property claimed by the former under a mortgage executed by the latter.  The appellees pleaded, as shown in special plea 5, which the reporter will set out and which fully states the facts, that said mortgage was not binding on them, in that it was executed in compromise and settlement of certain alleged criminal prosecutions, and upon the agreement that said prosecutions, which were commenced by warrants, sued out by the appellant, should be dismissed by him and not further prosecuted.

We are of the opinion that the plea was not subject to any of the demurrers filed to it, and, consequently, that the court did not err in overruling them.—Code 1907, § 6469; 9 Cyc. 506 et

[West v. Teabo, et al.]

seq.; 6 Am. & Eng. Encyc. Law (2d Ed.) 757; 15 Am. & Eng. Encyc. Law (2d Ed.) 979; *United States Fidelity & Guaranty Co. v. Charles, et al.*, 131 Ala. 658, 31 South. 558, 57 L. R. A. 212; *Moog v. Strang*, 69 Ala. 98; *Bibb v. Hitchcock*, 49 Ala. 468, 20 Am. Rep. 288; *Wynne v. Whisenant*, 37 Ala. 46; *Milton v. Haden*, 32 Ala. 30, 70 Am. Dec. 523.

(2) The only other errors assigned relate to the rulings of the court on the evidence. The probate judge of the county, before whom, as ex officio judge of the county court, the appellant swore out the warrants against appellee in commencement of the criminal prosecutions alleged in said plea 5 to have been compromised by the execution on appellees' part of the mortgage here relied on for recovery by appellant, testified without objection and without dispute in the evidence that said warrants were taken out before him by appellant, but that after appellee was arrested, but before the cases were even docketed, the appellant came to him (the judge), and asked leave to withdraw the warrants, which he (the judge) permitted to be done, and which was done; that the cases were never docketed, or in any way entered on the records of the court, but that the warrants were filed away in his office among other such papers, and that he had made diligent search in his office for them in the places he usually kept them and was unable to find the warrants. In the light of these facts, the trial court did not err in permitting the deputy sheriff, Lister, who arrested the appellee under the warrants, to testify to the correctness of a purported copy of one of them that was, shortly after the arrest, made out by him from the original, and furnished then to the wife of the appellee, who, as a witness in the present trial, produced it in court, and which copy said Lister recognized as being the one so made by him, and to the correctness of which he testified. He further testified that the other warrant was like the one so copied, except in particulars stated by him. This, we think, was, under the circumstances detailed, good secondary evidence of the contents of the warrants in this kind of case and for purposes here, regardless of whether the county court, in which the warrants were taken out was or not a court of record (*McDade v. Mead*, 18 Ala. 214), as to which we express no opinion, though, as bearing on the question, see *State v. Burke*, 175 Ala. 561, 57 South. 870, and briefs of counsel there.

(3, 4) For like reasons the court did not err in permitting said Lister to testify that he arrested appellee under these war-

[West v. Teabo, et al.]

rants, and that they were subsequently withdrawn by appellant —a fact, by the way, not disputed.—*McDade v. Mead,* 18 Ala. 214. Nor did the court err in permitting the appellee to testify, in effect, that appellant agreed to, and did, dismiss the prosecutions upon the execution by appellees of the mortgage mentioned, and that appellant at that time surrendered to appellee certain checks which appellee had given on the First National Bank of Gadsden, but which had not been honored by the bank because of a lack of funds. All of this evidence tended to support the allegations of said plea 5.

(5) The charge attempted to be made against appellee in the warrants withdrawn was, as we interpret their language, in the light of the evidence, in effect,. "false pretenses," in that appellee did not have sufficient funds in said bank to pay said checks so given on it by him to appellant, though appellee, by giving such checks, falsely represented that he did; and, although the language of the warrants was probably inapt in charging such offense—charging, as it did, "the issuing of checks with the intent to injure or defraud"—yet the warrants were not void, as is contended, but merely voidable (*Thomas v. State,* 13 Ala. 421, 69 South. 413), and were sufficient, we think, as the commencement of a prosecution for the offense named to render invalid a mortgage executed in compromise of such prosecutions and for the purpose of securing their withdrawal or dismissal, and an agreement from appellant not to prosecute the cases.—Authorities herein first cited.

(6) While, in view of the fact that such prosecutions were actually pending at the time of the execution of the mortgage, it was immaterial to the invalidity of such mortgage given by appellees to secure their settlement and withdrawal whether he was guilty or innocent of the criminal charge made (9 Cyc. 508) ; yet, we do not think the lower court should be reversed for permitting appellee to testify that when he gave the mentioned checks to appellant it was with the understanding that they were not to be presented to the bank until he had the funds there to cover them, since it is not made to appear that this evidence, though immaterial to the issues here presented, was injurious to appellant.—Rule 45 of Supreme Court, as published in 175 Ala. xxi, 61 South. ix.

(7, 8) The court permitted, over objection, the introduction in evidence of the checks surrendered to appellee by appellant at

the time the former executed to the latter the mentioned mortgage, together with evidence tending to show that the giving of such checks, without money in the bank to meet them, was the occasion and foundation of the swearing out by appellant of the warrants mentioned, which warrants, as before seen, were very vague and indefinite as to what particular offense they were meant to charge. We think the evidence was material, in connection with the other evidence offered, as tending to show, in support of said plea 5, that the mentioned mortgage was executed in compromise and settlement of said criminal prosecutions, and in order to procure their withdrawal. It tended to identify the offense compromised by the execution of the mortgage with the offense charged in the warrants. For the same reasons the court did not err in permitting appellees' counsel to ask appellant on cross-examination for what purpose he swore out the warrants, and why he dismissed them so soon as said mortgage was executed.

(9) In this connection, it was likewise permissible to show that shortly prior to the swearing out of the warrants, the appellant sued appellee on the checks, and that against the attachment or judgment appellee claimed his exemptions, after which the warrants were sued out, which were dismissed and the checks surrendered to appellees upon their execution of the mortgage.

What we have said is sufficient to dispose of every assignment of error. It follows that the judgment appealed from is affirmed.

Affirmed.