235 So.2d 809

**In The Matter of Bill FITE, Attorney at Law.**

**3 Div. 282.**

Supreme Court of Alabama.

April 9, 1970.

Rehearing Denied June 11, 1970.

Rogers, Howard Redden & Mills, Birmingham, for petitioner.

William H. Morrow, Jr., Gen. Counsel, Alabama State Bar, Montgomery, for respondent.

PER CURIAM.

This is a review of disciplinary proceedings by The Board of Commissioners of The Alabama State Bar against an attorney at law.

The original complaint was filed March 10, 1966. As subsequently amended, it contains three charges. All references herein are to the amended complaint.

In Charge 1, it is alleged that defendant had served as attorney for complainant in approximately twenty-seven divorce cases in Marion County since March 10, 1963, wherein defendant represented to the court that either the complainant or respondent was a bona fide resident of Alabama, when defendant knew or had reasonable cause to believe that, in one or more of said cases, neither the complainant nor the respondent was such resident of Alabama.

It is charged that in doing said acts, defendant violated Rule 25 of Section A of the Rules Governing The Conduct Of Attorneys, 272 Ala. XXI; In re Sullivan, 283 Ala. 514, 219 So.2d 346; In re Griffith, 283 Ala. 527, 219 So.2d 357; Smith v. Board of Com'rs of Alabama State Bar, 284 Ala. 420, 225 So.2d 829. A list of the names and docket numbers of the alleged cases is made exhibit to the complaint.

In Charge 2, it is alleged that defendant did voluntarily appear before the Grievance Committee and make certain representations which were false. It is charged that by so doing defendant violated Rule 33 of Section A of the Rules Governing The Conduct Of Attorneys. 239 Ala. XXV. The Board of Commissioners found defendant not guilty of Charge 2, and further consideration of that charge is pretermitted.

In Charge 3, it is charged that defendant is guilty of conduct unbecoming an attorney in violation of Rule 36 of Section A of the aforesaid rules. In specifying the facts relied on to support Charge 3, the pleader adopts the allegations of Charges 1 and 2 with certain minor amendments.

The Board of Commissioners found defendant guilty of Charges 1 and 3 and suspended defendant from the practice of law for eighteen months.

Defendant has assigned and argued a substantial number of errors. Certain assignments raise the point that certain depositions are not admissible in evidence, and that, when the depositions are excluded, the remaining evidence is not sufficient to support the finding that defendant is guilty of Charge 1 or Charge 3.

In order to provide evidence to prove that both complainant and respondent, in at least one or more of the specified divorce cases, were nonresidents of Alabama, the Grievance Committee undertook to take the testimony of three witnesses outside the State of Alabama. The deposition of each witness was taken in a different state, on a different day, and before a different commissioner. Notices of intention to take the depositions were mailed to defendant and his counsel, and defendant concedes that proper notice was given.

On the days appointed in the notices, respectively, the depositions were taken. Defendant did not appear either in person or by counsel at the taking of any of the three depositions. None of the three witnesses signed his or her deposition.

At the end of the testimony in one deposition, the following statement appears:

"Witness and counsel for the Grievance Committee waive formalities or reading and signing."

In the second deposition, we do not find any statement referring to the absence of the signature of the witness.

At the end of the testimony in the third deposition, a statement by counsel for the Grievance Committee recites:

"On behalf of the Grievance Committee I waive the formalities of the witness reading and signing the Deposition, and the witness also waives such formalities."

The record contains no further explanation as to why the witnesses did not sign their depositions.

The depositions were taken under authority of Act No. 375, 1955 Acts, Vol. II, page 901; see 1958 Recompiled Code, Title 7, § 474(1)–(18). Section 13 of Act No. 375, [§ 474(13)], recites:

"Section 13. SUBMISSION TO WITNESS; CHANGES; SIGNING. When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by parties. Any changes in form or substance which the witness desires to make, shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing, or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness, or the fact of the refusal to sign, together with a reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress under subdivision (d) of subsection (c) of Section 16 of this Act the Court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

Subsection (d) of Section 16 of Act No. 375 recites:

"(d) As to Completion and Return of Deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Section 14 of this Act are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."

This court has said:

"Act 375 is principally copied from certain provisions of the Federal Rules of Civil Procedure, Rules 26, 28, 29, 30, 32, 37, 28 U.S.C.A., with some additions and deletions to make it conform to other Alabama statutes and nomenclature. The

general rule of construction is that, upon the adoption of a law from another jurisdiction in which the language of the act has received a settled construction, the Legislature is presumed to have adopted it as so construed in that jurisdiction. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Wooten v. Roden, 260 Ala. 606, 71 So.2d 802. * * *" Ex parte Rice, 265 Ala. 454, 456, 92 So.2d 16, 17.

Federal courts have held that depositions taken under the Federal Rules were not admissible where the witness had not signed the deposition and the signature of the witness had not been waived by the party objecting to the deposition. In Mortensen v. Honduras Shipping Company, 18 F.R.D. 510, 511, a United States District Court in New York said:

"3. This court does not have power to compel the defendant to compel L. Louis Green, Jr. to sign his deposition The papers do not indicate, as is required by Rule 30(e), that the testimony of this witness has been submitted to him for his examination or that he has refused to sign it, or that he is ill, or cannot be found. Since plaintiff took the deposition presumably before an officer of plaintiff's own choosing, plaintiff should comply with the provisions of Rule 30(e). So much of the motion as seeks an order requiring Mr. Green to sign his deposition, or making his deposition admissible merely by the certificate of the notary who took the deposition, is denied."

In Porter v. Seas Shipping Company, D.C., 20 F.R.D. 108, 109, the court said:

"Defendant's claim that the formalities in the Lyons' deposition were waived by plaintiff's counsel is supported only by a bare statement to that effect in its answering affidavit. If the formalities were waived this fact should appear on the record of the deposition or be supplied by appropriate proof filed with the deposition."

See also, Kawietzke v. Rarich, D.C., 198 F.Supp. 841, and Smith v. Insurance Company of North America, D.C., 30 F.R.D. 534.

The Supreme Court of Missouri, in applying a Missouri rule, which is substantially the same as the Federal Rule and our rule, had this to say:

"There is no showing in the record that either the defendant's attorneys in Springfield or the Lexington attorney who attended the taking of the deposition had any knowledge that the deposition had not been signed by the witness prior to the time it was opened at the trial of the case. Nor can we say that the exercise of due diligence required the defendant to take steps to open the deposition and inspect it before trial. Rather the duty to see that it was in order was upon the plaintiff because it was a part of his case. There is nothing in the record to support a finding of lack of diligence on defendant's part, and, therefore, no basis for holding that the defendant's objection was not available to him at the trial. The trial court correctly ruled in excluding the deposition and was in error in granting a new trial on this ground. (Citations Omitted)" Tuttle v. Tomasino (Mo.), 336 S.W.2d 683, 690.

In an early case before this court, the statement of the case recites:

" 'The plaintiff had taken the deposition of one Moore, which was on file, and which the defendants offered to read. The plaintiff objected, on the ground that it was insufficiently taken, was not subscribed, and was not properly verified by the deponent. The objections were *overruled*, and the defendants excepted.' The deposition referred to purports to set out the answers of the witness to the interrogatories and cross-interrogatories, but is not subscribed by him; and the certificate of the commissioner states, that said witness, 'after having read over the answers of E. H.

Baldwin, did solemnly swear that he would adopt them, but the steamboat, on which he was going up the river, left before he could subscribe them after I had written them off.'" Bell v. Chambers, 38 Ala. 660, 662.

This court said:

"The circuit court did not err in excluding the imperfectly taken deposition of the witness Moore." (38 Ala. at 664)

■ The three depositions in the instant case are clearly not admissible unless defendant waived the statutory requirement that the witness must sign the deposition. Appellee contends that defendant did waive the absence of the signatures.

The record discloses that counsel for appellee sent to defendant's attorney a notice that the depositions had been filed in the office of the Secretary of the Board of Commissioners, which is in Montgomery. Appellee's counsel certified that a copy of the notice was sent by registered mail to defendant's attorney in Birmingham on August 17, 1966. Appellee states in brief that, by letters dated August 18, 1966, and August 22, 1966, defendant's attorney requested that the original depositions, or copies, be made available to defendant's attorney. Appellee says in brief:

"4) Within a day or two of the above described letter, dated August 22, 1966, the General Counsel properly delivered the depositions of Laura Meisowitz and Jaques Nafpliotis to counsel for the Petitioner at his office in Birmingham."

According to appellee's statement, the earliest day on which defendant's counsel can be charged with notice of the contents of the deposition is August 24, 1966, which was Wednesday. The depositions were offered in evidence at the hearing on Monday, August 29, 1966. Defendant promptly raised objection that the depositions had not been taken in accord with the statute in that they were "not submitted to the witness whose testimony was taken for reading, signing or verification."

Defendant also made the following motion:

"Now, as to each of the Exhibits 75, 77 and 79, separately and severally, we move the Court to exclude them in toto for the reasons that they are not taken, executed and completed in the form required by law with particular reference to the submission to the witness for reading and signature."

■ The conclusion must be that on the third business day after receiving copies of the depositions, defendant did make a motion to exclude the depositions on the ground that they had not been signed by the respective witnesses as the statute requires. Defendant acted with reasonable promptness. Smith v. Insurance Company of North America, 30 F.R.D. 534, 536, supra. The depositions are not admissible and cannot be considered as evidence.

■ An attorney must be accorded due process in disbarment and disciplinary proceedings. In re McKay, 280 Ala. 174, 179, 191 So.2d 1.

"Proceedings of this character, though imposing, for acts or omissions justifying removal, no other punishment than disbarment from the practice of law, are highly penal in character and are quasi criminal; and so, statutes relating thereto are to be strictly construed. State v. Quarles, 158 Ala. 54, 48 So. 499." Worthen v. State ex rel. Verner, 189 Ala. 395, 399, 66 So. 686, 688.

The appellee had the burden of proving the allegations set out in the charges. With the exclusion of the inadmissible depositions, there is no remaining legal evidence to support the charge that both complainant and respondent, in at least one of the cases handled by defendant, were nonresidents of Alabama; and, therefore, the finding of guilt as to Charges 1 and 3 cannot stand.

Defendant has argued other assignments of error, but consideration of them is pretermitted as unnecessary.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD and McCALL, JJ., concur.