MADDOX, Justice.
James L. Butler, Jr., appeals from lawyer disciplinary proceedings, contending that an order of the Disciplinary Board of the Alabama State Bar (“Board”), which states that he pleaded guilty to all charges, does not accurately reflect the terms of the settlement agreement upon which the Board’s order was based.
Disciplinary charges were filed against Butler for his having allegedly violated the Rules of Professional Responsibility, which governed his conduct as an attorney. The formal complaint actually contained eight separate complaints, each consisting of multiple charges. Butler answered the complaint and denied the charges, and all eight complaints were scheduled for a hearing before Panel V of the Board.
Shortly before the hearing, Butler negotiated a proposed settlement agreement with the office of general counsel of the Alabama State Bar, the terms of which are as follows:
“In response to formal charges ASB 89-455, 90-467, 9[0]-05[5], 91-414, 91-913, 92-183, 92-213, and 92-255 the re *1302 spondent, J.L. Butler, agrees to accept suspension from the practice of law for a period of one hundred and eighty days effective August 25, 1992, all other charges and investigations to be held in abeyance. The Office of General Counsel agrees not to prosecute said charges or any other charges or complaints subsequently brought against the respondent during the period of suspension, but reserves the right to present evidence of said charges and complaints at any reinstatement proceeding. At such time ... [t]he respondent further agrees to attend comprehensive legal ethics seminars satisfactory to the Office of General Counsel during the period of his suspension. And that concludes the agreement.”
R. 147-50.
At the hearing before the Panel, Butler’s counsel stated that the terms recited above “adequately and accurately representad] the agreement.” R. 150. Following some discussion and an executive session, but without any presentation of evidence, the Board unanimously accepted the proposal. Two days later, the Board issued an order stating that Butler had “tendered pleas of guilty to all charges.” R. 140. Based on that order, this Court suspended Butler from the practice of law for 180 days. Butler appeals from the Board’s order.
Butler argues that the order inaccurately states that he pleaded guilty and that the settlement agreement that was read into the record contains no admission of guilt. Butler contends that the parties intended to resolve the disciplinary proceeding without his pleading guilty. In effect, he argues, he agreed not to contest the charges in exchange for a limited suspension and the hope of reinstatement, but that he did not plead guilty to any of them.
It is true, as Butler argues, that on its face, the proposal does not contain the words “plea of guilty.” It is also true, however, as the Bar argues, that no rule of disciplinary procedure authorizes a plea of “no contest” to a disciplinary charge.[1]
The transcript of the October 20, 1992, hearing shows the following:
“Mr. Jones [panel member]: I understand that the effect of ... the agreement is that Mr. Butler is pleading guilty to the charges, the eight charges, that are embodied in this complaint, and that discipline imposed is six months’ suspension. And that as to any subsequent charge, and there’s one charge pending, that that’s in abeyance until he applies for and is readmitted to the Bar. Is that what the agreement is?”
R. 150. (Emphasis added.)
“Mr. Manley [panel chairman]: These eight, he’s pleading guilty to these eight. Right. And that extinguishes this record, and then anything between this date that comes in would be — if he’s reinstated — would be wiped out, is what Mr. Jones is saying.”
R. 154. (Emphasis added.)
“Mr. Kendrick [assistant general counsel]: I think the Commission on a reinstatement petition can consider the type of charge he pled guilty to. If there hasn’t been anything else come up, what they’d look at is what did you plead guilty to, what did that involve, have you satisfied the Commission that you’ve — ”
R. 154-55. (Emphasis added.)
It is undisputed that these remarks were made in the presence of Butler and his counsel, and there is no indication in the record that Butler or his counsel made any objection at that time that the Panel’s understanding of the agreement was inaccurate.
The Bar’s position is that Butler agreed to plead guilty to the charges in exchange for the Board’s acceptance of the plea bargain. The only question presented here is whether Butler did, in fact, plead guilty to each of the charges, or whether he merely agreed not to contest the charges.
The Rules of Disciplinary Procedure do not authorize a plea of “no contest,” as *1303 such, but, even assuming that the order of the Board did not accurately represent what Butler had agreed upon, it was incumbent upon him to request that he be allowed to withdraw his plea, however he wishes to characterize his plea. He has not requested permission to withdraw his plea and to proceed to a hearing on the merits of the charges. If the disciplinary order entered did not represent the plea bargain as he understood it, he should have requested permission to withdraw his plea.
Butler makes other claims of error regarding the notations on the Board’s order. The Bar admits that there are “typographical” errors in the order, but it says that those errors are not substantial and do not affect Butler’s substantive right to seek reinstatement.
An attorney charged in disciplinary proceedings is entitled to due process of law. E.g., In re Fite, 285 Ala. 666, 235 So.2d 809 (1970); In re McKay, 280 Ala. 174, 191 So.2d 1 (1966); Worthen v. State, 189 Ala. 395, 66 So. 686 (1914); State v. Quarles, 158 Ala. 54, 48 So. 499 (1909). After a complete review of the record, we are convinced that Butler was accorded due process of law.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.

. The rule applicable to discipline by consent provides only for "a conditional guilty plea ... in exchange for a stated form of discipline.” Rule 24(a), Ala.R.Disc.P.