## CASE *vs.* MAYOR OF MOBILE.

[PROCEEDING FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *Judicial notice taken of municipal charter, but not of by-law.*—The courts are bound to take judicial notice of the charter of a municipal corporation, and of its power to make by-laws; but not of the by-laws made by it.
2. *Sufficiency of complaint for violating municipal ordinance*—In proceeding for the violation of a municipal ordinance, the complaint must set forth the by-law, its breach, and the plaintiff's right to sue for the penalty.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THE appellant was fined $50 by the mayor of the city of Mobile, for an alleged violation of an ordinance, prohibiting the selling of liquor without a license; and removed the proceedings, by appeal, into the city court, where the following complaint was filed against him:

"Mayor, Aldermen, and Common Council of Mobile vs. John Case. — Plaintiff claims of defendant $50, for violation of the ordinance above set forth.

"Plaintiff claims the sum of $50 as a fine, for that the defendant, on the 4th May, 1856, did sell to certain slaves, whose names and owners are unknown, one a yellow boy, about thirty-four years of age, and one a black boy, about twenty-two years of age, in the city of Mobile, spirituous liquors, without the written permission of the owner, master, or agent, contrary to the ordinance of said corporation then in force, a copy of which is hereto attached."

The defendant demurred to this complaint, for uncertainty and insufficiency, 1st, in not giving the names of the slaves or their owners; 2d, in not setting out the ordinance alleged to have been violated; and, 3d, in not alleging a breach of any ordinance. The overruling of this demurrer is now assigned as error.

CHAMBERLAIN & ROBINSON, for appellant.

DANIEL CHANDLER, *contra*.

RICE, C. J.—In declaring on a by-law, the liability of the defendant must distinctly appear. As the appellee in the present case is a municipal, or public corporation, the courts of this State will take judicial notice of its charter, and of its power to make by-laws; but not of the by-laws made by it. In a complaint for a penalty under one of its by-laws, the by-law must be set forth, and the breach of it, and the right of the plaintiff to sue for the penalty.—Company of Feltmakers v. Davis, 1 Bos. & Pul. 98; 1 Saund. Pl. & Ev. 324; Comyn's Dig., title, Pleader, (2 W, 11.)

Tested by the principles above stated, the complaint in this case is not sufficient; and the court below erred in overruling the demurrer to it. For that error, the judgment is reversed, and the cause remanded.