## EBERLIN *vs.* MAYOR OF MOBILE.

[PROCEEDING FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *Sufficiency of complaint in description of slave.*—In a proceeding for the violation of a municipal ordinance, prohibiting trading with slaves, if the complaint alleges that the defendant "traded and sold to sundry slaves, the names and owners of whom are totally unknown to plaintiff, to-wit, one black boy, about twenty years of age, and one yellow boy, stout and heavy,"—this is a sufficient description of the slaves.

2. *Sufficiency of complaint in averment of breach of by-law.*—Where the complaint alleges, that the defendant, on a day certain, "traded and sold to sundry slaves," &c., "sundry commodities, to-wit," &c., "in the corporate limits of said city, without the written or personal assent or permission of the owner, master, employer, or agent, contrary to the ordinance of said city then in full force, which is hereto annexed as a part of this complaint,"—this is a sufficient allegation of a breach of the by-law.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTY.

THE appellant was fined $50 by the mayor of the city of Mobile, for an alleged violation of a municipal ordinance, which was in these words : "Be it ordained by the mayor, aldermen, and common council of the city of Mobile, that it shall not be lawful for any person to buy, sell or receive from any slave or slaves any commodity of any

kind or description whatsoever, without the consent of the owner or employer of such slave or slaves, in writing, expressing the articles so permitted, or unless the owner or employer of such slave or slaves shall personally authorize the same; and if any person or persons shall sell or receive from any slave or slaves, without such consent or permission, he, she, or they, so offending, upon conviction, shall be fined in the sum of fifty dollars."

The complaint filed in the city court was as follows:

"Mayor, Aldermen, and Common Council of Mobile *vs.* George Eberlin. Plaintiff charges, that the defendant, on the 26th day of March, 1856, traded and sold to sundry slaves, the names and owners of whom are totally unknown to plaintiff, to-wit, one black boy, about twenty years of age, and one yellow boy, stout and heavy, sundry commodities, to-wit, candles and sugar, in the corporate limits of the city of Mobile, without the written or personal assent or permission of the owner, master, employer, or agent, contrary to the ordinance of said city then in full force, duly passed by the proper authorities of said city, and hereto annexed as a part of this complaint; wherefore plaintiff claims that defendant is liable to pay the said sum of fifty dollars, as fined by the said mayor."

The defendant demurred to this complaint, "because the same is insufficient and uncertain, in this: that it does not state the names of the said negroes with whom defendant is alleged to have traded, nor the names of their owners, employers, or agents; and because the same does not show a breach of the city ordinance." The overruling of this demurrer, with other matters, is now assigned as error.

CHAMBERLAIN & ROBINSON, for appellant.

DANIEL CHANDLER, *contra*.

RICE, C. J.—According to section 2253 of the Code, no objection to the complaint can be taken or allowed, which is not distinctly stated in the demurrer.

The first objection stated therein is, that neither the names of the slaves, nor of their owners, are set forth in the complaint. But we cannot sustain the objection, because the allegation of the plaintiff's ignorance of the names and owners of the slaves, coupled with the description of the slaves, must be deemed a sufficient excuse for the omission of their names, in a proceeding like the present, and under the by-law set forth as part of the complaint.—Noonan v. The State, 1 Smedes & Marsh. 562.

The second objection stated is, that the complaint does not show a breach of the ordinance or by-law. That objection is not well taken. The complaint does show a breach of the by-law.—Noonan v. The State, *supra*; 1 Wils. 281; 1 Saund. Pl. & Ev. 324; Case v. Mayor, &c., of Mobile, at this term.

There is no error, and the judgment of the court below is affirmed.