# Thomas *v.* The State, *ex rel.* Stepney.

*Information against Attorney-at-Law for Professional Misconduct.*

1. *Proceedings to remove attorney; information.*—The statutory proceeding for removing an attorney, under section 882 R. C., is in the nature of a criminal proceeding, and an information under such section must disclose with certainty the facts of misconduct, and that the defendant is amenable to the proceeding.

2. *Directed only against licensed attorneys.*—The statute is directed only against attorneys who are regularly licensed under the laws of this State, who have taken the oath prescribed, and not against attorneys temporarily practicing in the court by mere comity.

3. *Averment; uncertainty of; defect raised first time in Supreme Court.*—An averment in the information that the defendant "hath been, and now is, an attorney practicing in the courts of the State of Alabama, in the county of Dallas," may apply either to a licensed attorney or one without license, practicing temporarily by comity, and is for that reason uncertain in statement, and such want of certainty, being a defect of substance fatal to a judgment rendered thereon, may be raised for the first time in the appellate court.

4. *Amendment; when allowable.*—The statute of amendments is very broad and comprehends all pleadings except indictments (R. C. § 2657), and will authorize an amendment of the information, which, though *quasi* criminal, is the act of the relator as essentially as is the complaint in a civil action.

5. *Removal of case to U. S. Court; when properly denied.*—In the absence of any hostile legislation, regulation or custom of the State interfering with the

[Thomas v. The State, ex rel. Stepney.]

full rights of defendant in the City Court of Selma, he can not have his cause removed to the Circuit Court of the United States because he is a negro; the act of Congress (Rev. Stats. § 641) does not authorize a removal under such circumstances.

APPEAL from City Court of Selma.
Tried before Hon. JONATHAN HARALSON.

JOHN C. REID, RICE, JONES & WILEY, and BRAGG & THORINGTON, for appellant.—1. The proceeding against appellant is *quasi* criminal.—See Matter of Hamilton Baluss, an Attorney, 28 Mich. 507, 508 ; *Cumming v. The State of Mo.*, 4 Wall. 279 ; *Ex parte Garland*, p. 333. And being *quasi* criminal in its nature, it can not be maintained against any person, save a *licensed attorney*.—Code, § 861–883. This being the case, the information is defective in failing to charge that the accused is a *licensed attorney*.—See *Withers v. The State, ex rel. Posey*, 36 Ala. 260, 261. If the accused had been a non-resident lawyer, then the information should have charged that he was a licensed attorney in the State in which he resided, because no other non-resident attorney can practice in the courts of this State and be amenable to this mode ef proceeding.—Code of 1876, § 814 ; 20 Am. Rep. 55–57. And as this defect would have been fatal on demurrer or arrest of judgment, it is available in this court on appeal, as if the objection had been raised below.—*Cosky, Sheriff, &c. v. The State*, 6 Ala. 194, 195 ; *Herring v. Glisson*, 2 Dev. (N. C.) 160 ; *United States v. Cook*, 17 Wall. 174. Informations, like indictments, must allege the offense with accuracy and fullness.—10 Ind. 404 ; and must charge with positive distinctness every essential fact demanding a forfeiture of valuable vested rights.—4 Moss, 462 ; 3 Day, 103 ; 4 Bl. Com. 308 ; *United States v. Cook*, 17 Wall. 174.

2. Being of a criminal nature, the information should not have been amended, as allowed.—*Gregory v. The State*, 46 Ala. 151 ; 4 Bl. Com. 308 ; 1 Dana (Ky.), 466, 595.

3. We insist that the judgment of the court below should be reversed, and that the cause should not be remanded.—*Cosky, Sheriff, &c. v. The State*, 6 Ala. 194, 195.

4. It was error to refuse the petition of appellant to remove the case into the Circuit Court of the United States, for the 5th Judicial Circuit, and Middle District of Alabama.—See § 641 Rev. Stat. U. S. ; *Gordon v. Longest*, 16 Pet. 97 ; *Lankford's Adm'r v. Barrett*, 29 Ala. 700 ; *State v. Dunlap*, 6 Am. Reps. 746.

JOHN P. TILLMAN, *contra*.—1. The petition for the removal of the cause to the United States Circuit Court is based on

the Civil Rights Act of April 9, 1866, (14 U. S. Stat. p. 27; Rev. St. § 641,) and sets out as grounds therefor, that by reason of the appellant's race and color, and his republican politics, he could not have as full and equal protection under, and benefits of the State laws, in this proceeding, as could a white man; and that the public prejudice against him, for said causes, was so great, that it would be impossible for him to obtain a fair and impartial trial in said City Court.

We deem it scarcely necessary to discuss the correctness of the ruling of the court below on this petition; and will only cite the court to the case of *The State of Texas v. Gaines,* 2 Woods' Rep. 342, which is decisive on this point. The opinion in that case was delivered by Bradley, J., and is well considered.

2. The minutes and docket entries were properly admitted in evidence for the purpose of showing, that the prosecution against relator was pending in the Circuit Court as stated in the information. How else could the fact be proved? The original papers before the justice of the peace were also properly admitted in evidence to show the character of the proceedings against relator, as charged in the information. How else could this fact have been proved?

3. The amendments allowed to the information were entirely formal, and, we might say, immaterial in their character. In *Murry v. Harper,* 3 Ala. 744, the court say: "Every court, whether of general or limited jurisdiction, has the power to permit such amendments to be made in the pleadings, while the cause is *in fieri,* as will enable it to fulfil the end of its creation, the administration of justice." See, also, *Dothard v. Teague,* 40 Ala. 583. An affidavit for an attachment can be amended in formal or immaterial matters.—*Sims v. Jacobson,* 51 Ala. 186.

4. Informations, so far as amendments are concerned, are not governed by the same rules as indictments. An indictment is *a finding by a grand jury;* but an information is *the act of the pleader only.*

"An information may be amended *at any time before trial,* even before a single judge at chambers, because *no finding of a jury or principle of right is affected.*"—1 Chitty's Crim. Law, m. p. 842; Ib. p. 865.

5. The relator testified that his true name was Robert Robinson, but that he was rarely called by the latter name; that he was frequently called Robert Stepney. The proceedings before the justice, was against relator by the name of Robert Stepney. He is a negro and doubtless has several names. But, on examination of the testimony, it will be found that the name by which he was most generally known was Robert

[Thomas v. The State, ex rel. Stepney.]

Stepney. He signed the information by that name; he signed the affidavit by that name, and his wife testified that his name was Robert Stepney.

If the relator be held not a party to the information, then the name is wholly immaterial. If, on the other hand, the relator is held to be a party, then the appellant should have filed a plea in abatement setting up the misnomer.—Chitty on Plead., vol 1, m. p. 248. And if this had been done the nformation could have been amended. But then the plea would not have been sustained by the evidence on a proper replication.

6. Unless error is to be found in some of the rulings of the court below, above noticed, this court can not say that there was error in the finding of the judge and the judgment he rendered thereon, because the evidence set out in the bill clearly establishes the charges, and further, the bill of exceptions does not pretend to set out all the evidence.

In such a case as this, unless the bill of exceptions fails to show that the evidence set out therein is all the evidence, this court will not disturb *the finding* of the court below.

BRICKELL, C. J.—This was an information, charging the defendant with misconduct in his profession, as an attorney-at-law, and seeking his suspension or removal from the office of attorney, because of such misconduct. It is founded on the statute, Revised Code, § 882. The proceeding, though not strictly criminal, is of the nature of a criminal proceeding, and it is essential to support it, that the information should with certainty disclose that the defendant is amenable to the proceeding, and the facts constituting the misconduct of which complaint is made. It is apparent, the statute is directed only against attorneys who are regularly licensed under the laws of this State, and who have taken the oath prescribed, "not to violate any of the duties enjoined on him by law." There may be attorneys, by the comity of the courts, practicing in this State, yet without a license, and without having taken the oath the statute prescribes. The courts permitting them to practice have, while the attorney is before them, an inherent power to compel obedience and fidelity to the duties he voluntarily assumes, as they have to compel it from all their officers. These can not, and it is not intended they should be proceeded against under the statute. They fill no permanent official relation to the courts, or to the community. Their relation is temporary, and the comity which permits it may at any time be withdrawn, without offending any right the law protects. An attorney who has been regularly licensed, occupies a permanent official rela-

[Thomas v. The State, ex rel. Stepney.]

tion to the courts in which he has authority to practice, and to the community. The license confers on him a right to practice his profession, of which he can not be deprived without misconduct on his part, judicially ascertained and declared; a right conferred by law, not a matter of grace . which courts may at pleasure recognize or withhold.

The averment of the information is, that the defendant "was on the first day of January, 1876, and thence hitherto hath been and now is, an attorney practicing in the courts of the State of Alabama, in the county of Dallas." In *Withers v. State*, 36 Ala. 252, which was an application by an attorney for a *mandamus* to compel an inferior court to permit him to appear as counsel in causes in which he had been employed, the averment was that the relator "is a practitioner of law in all the courts of this State, both of State and federal jurisdiction," and it was held an insufficient averment of a legal right to practice in the courts of this State. The court say, "We do not think that this is a sufficient allegation of his legal right to practice in the courts named. It is not alleged, nor was it shown on the hearing of the application, that the relator was regularly licensed under the laws of this State before the adoption of the Code, or that he had since that time been admitted by a license from a court competent to grant it, and had taken the oath prescribed." The present averment is equally insufficient. Every fact stated may be true, and the defendant, without having a license from any court authorized to grant it, and without having taken the oath prescribed, may, by the mere comity of the courts of Dallas county, have been permitted to practice therein. It certainly is not an averment that he is an attorney having a license which creates between him and those courts a permanent relation, and confers on him a legal right to practice therein. An information of this character, on which, if judgment is pronounced against a defendant, a deprivation, temporary or permanent, of a legal right, is the consequence, and which involves moral turpitude, and a breach of official oath, must be clear and definite in its averments. If it is wanting in the certainty of statement, that will inform the defendant of the particular offense he is called to answer, or, if on a verdict of guilty it will not certainly appear the jury are warranted in their conclusion, or the court, looking to the information and verdict, can not see clearly that the defendant is subject to the penalty the law prescribes, it is insufficient. The court can not on this information say, whether the judgment of suspension was pronounced against a licensed attorney, subject to the judgment, or an attorney pursuing his profession in the courts of Dallas county, by

(24)

[Thomas v. The State ex rel. Stepney.]

the comity of those courts, and not subject to such judgment. On such an information no judgment should have been pronounced against the defendant.

Objection to the sufficiency of the information on this ground, is made for the first time in this court, after demurrer, and answer, and a trial before a jury in the city court. The statute is : "No judgment can be arrested, annulled or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action."—Rev. Code, § 2811. The provision is applicable to all proceedings, other than strictly criminal prosecutions by indictment. A case is not within its influence, unless the pleading which stands in lieu of the complaint in ordinary civil suits, discloses a case of which the court has cognizance, and facts on which the court could properly render judgment by default, if the defendant failed to appear. Insufficiency in this respect is of substance, and is fatal on error.

Though the proceeding is in its nature criminal, the pleading originates with, and is the act of the relator, as essentially as is a complaint in an action purely civil. The statute of amendments is very broad in its language, and comprehends all pleadings, except indictments.—R. C. § 2657. The insufficiency of the information may be cured by amendment in the city court, if the facts warrant it.

The application of the relator for a removal of the cause to the Circuit Court of the United States was properly denied. It fails to disclose any hostile legislation of the State, interfering with his full right of defense in the City Court. In the absence of such interference with, or denial of his rights, by such legislation, or by some regulation or custom of the State, the act of congress (§ 641 Rev. Statutes) does not authorize a removal.—*In re* Petition of Walls *et als.*, Albany Law Journal, Feb. 9, 1878.

For the insufficiency of the information in the respect pointed out, the judgment must be reversed and the cause remanded.