# Tomlin v. Mayor and Aldermen of Birmingham.

*Appeal from Conviction of violation of Municipal Ordinance.*

1. *Violation of municipal ordinance; sufficiency of complaint.*—A complaint, on an appeal from a conviction of a violation of a municipal ordinance, which sets out the ordinance, which is in the alternative, and singles out and specifies the alternative the defendant is· charged with having violated, sufficiently discloses the liability of the defendant.

2. *Trial by court wi.hout jury; revision of judgment on appeal.*—On appeal from a judgment rendered by the trial court without the intervention of a jury, it is the settled rule not to reverse the judgment unless the decision of the trial court on matters of fact is manifestly wrong.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

The appellant, G. J. Tomlin, appealed to the City Court of Birmingham from a conviction before the Recorder of the city of Birmingham, on the charge of resisting an officer, in violation of an ordinance of the city. The appellee filed the following complaint in the

[Tomlin v. Mayor and Aldermen of Birmingham.]

City Court: "The plaintiff, a municipal corporation, complains and charges that, within 12 months before the commencement of this presecution, the defendant, G. J. Tomlin, within the corporate limits of the city of Birmingham, did unlawfully and willfully oppose J. M. Nix, an officer of plaintiff, while in the discharge of his duty as such officer, in that, the said officer having in his custody and under arrest a certain person, D. J. Tomlin, the said defendant did assault and beat said officer, in violation of section 614, which is in words and figures following: 'Sec. 614. Resisting officer.—Any person who knowingly or willfully opposes or resists an officer of the city in serving, executing, or attempting to serve or execute, any legal process, or in making or attempting to make an arrest, or in the discharge of any lawful duty, or who in any way interferes with, hinders or prevents such officer from discharging his duty, must, on conviction, be fined not less than one ($1.00) nor more than one hundred ($100) dollars.' " The defendant demurred to this complaint, on the following grounds: (1) That it fails to set out specifically the charge for which prosecution was instituted in this cause; (2) That it charges several violations of the law in one information or complaint; and (3) Because it fails to charge the defendant with committing any offense whatever against the ordinances of the city of Birmingham. The demurrer was overruled. The defendant then pleaded not guilty. The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff. The defendant appeals.

Joe. C. Hall and L. S. Weaver, for appellant.

Gregg & Thornton, contra.

BRICKELL, C. J.—On an appeal to a superior tribunal from a conviction of a violation of a municipal ordinance, the complaint must distinctly disclose the liability of the defendant; and the liability is disclosed when the complaint, as in the present case, sets out the ordinance, and avers the act or acts of the defendant in breach of it. The ordinance is in the alternative; but the complaint singles out and specifies the alternative the defendant is charged with having violated. The

demurrer was properly overruled. *Ganaway v. Mayor,* 21 Ala. 577 ; *Case v. Mayor,* 30 Ala. 538.

The trial was before the court without the intervention of a jury. And in this class of cases it has long been the settled rule not to reverse the judgment unless the decision of the court on the matters of fact is manifestly wrong. *Dane v. Mayor,* 36 Ala. 304. We cannot say this of the decision in the present case ; nor can we say that the decision is not supported by the preponderance of the evidence. Manifestly, if the cause had been submitted to a jury, and a verdict rendered, the verdict could not have been set aside as contrary to the evidence.

. Let the judgment be affirmed.