# The State *v.* Quarles.

## *Disbarment Proceedings.*

(Decided Jan. 21, 1909. 48 South. 499.)

1. *Attorneys; Disbarment; Statute.*—While the statute makes it unlawful for an attorney to encourage litigation, and fixes the punishment only at disbarment. such a statute is penal in its nature, and should be strictly construed. (Sec. 590, Code 1896, Subd. 6.)

2. *Same; Nature of Proceedings.*—A proceeding on information in the name of the state for disbarment of an attorney, while not strictly criminal, is quasi criminal in its nature.

3. *Same; Sufficiency of Information.*—An information for the disbarment of an attorney for encouraging litigation in violation of Subd. 6, Section 500, Code 1896, is not sufficient if it fails to allege that the defendant is an attorney at law.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Proceedings by information in the name of the State against W. W. Quarles, an attorney, for disbarment. From a judgment for defendant, plaintiff appeals. Affirmed.

WALTER R. SHAFER, for appellant. The question to Molette, tell us what Quarles said, was not subject to the objection interposed.—*In re Serfast*, 116 Pa. St. 468. It was admissible as part of the res geatas.—24 A. & E. Ency of Law, 61. It is not hearsay.—*Lund v. Tynesborough*, 9 Cush. 36; 1 Greenl. 108. The question to the defendant, if he did not about a year and a half or two years ago in Selma go to Wise and ask him if he had any property in Selma or any interest therein about which he knew nothing, or words to that effect, should have been allowed.—*Stanley v. The State*, 88 Ala. 154; *Mason v. The State*, 42 Ala. 532; *Ingram v. The State*, 39 Ala. 247; *Curtis v. The State*, 78 Ala. 12; *Yarbrough v. The State*, 41 Ala. 405. Under the facts in this case the defendant should have been disbarred.— *People v. Betts*, 26 Col. 521; *In re Henderson*, 88. Tenn. 531; *Delano's Case*, 42 Am. Rep. 555; *State v. Caldwell*, 40 Pac. Rep. 181; *In re Davis*, 93 Pa. St. 116; 33 W. Va. 250, and authorities supra. Charge 3 requested by the state should have been given.—*Smith v. Collins*, 94 Ala. 394; *Saloman v. The State*, 28 Ala. 83; *Cothran v. Maare*, 1 Ala. 423. Charge 4 should have been given.—Acts 1898-9, 87; *State v. Caldwell, supra; Delano's Case, supra; Monday v. Whistlehunt*, 90 N. C. 458. Counsel discuss the other refused charges with citation of authority but it is not deemed important to set them out.

PETTUS, JEFFRIES, & PETTUS, S. J. BOWIE, and MALLO-RY & MALLORY, for appellee. The information not averring that appellee was an attorney at law, or was a

licensed attorney, is of the substance of the offense, and fatal on error.—Acts 1900-1, 2227; Sec. 590, Code 1896; *Thomas v. The State,* 58 Ala. 365; *Withers v. The State,* 36 Ala. 252; Weeks on Attorneys, 176. It was necessary to aver that Quarles was a licensed attorney.—*Eubanks v. The State,* 17 Ala. 181; *Lewis v. The State,* 21 Ala. 218; *Pettibone v. The State,* 19 Ala. 586; *Hirshfelder v. The State,* 18 Ala. 112; *State v. Sloan,* 67 N. C. 357; 22 Cyc. 227. The lower court did not err in its rulings in the admission of evidence.—*Hunt v. The State,* 135 Ala. 8; *Paradise v. The State,* 131 Ala. 26; *Parnell v. The State,* 129 Ala. 6; *Bessemer L. Co. v. DuBose,* 125 Ala. 442; *Ragland v. The State,* 25 Ala. 12; *Ingram v. The State,* 39 Ala. 251; *McDonald v. The State,* 83 Ala. 47; *Gassenheimer v. The State,* 52 Ala. 318. Counsel discuss charges given and refused with citation of authority, but it is not deemed necessary to set them out.

DOWDELL, J.—This is a proceeding by information in the name of the state, filed by the circuit solicitor, against the appellee in the circuit court of Dallas county. The complaint contained two counts as follows: "First count. That said William W. Quarles is guilty of a violation of the provisions of an act entitled 'An act to prevent the encouragement of litigation and provide for the punishment of persons engaged in encouraging litigation, approved March 4th, 1901' (Acts 1900-1, p. 2227), in this: that the said William W. Quarles did promise, or give or offer, or promise to give, a valuable consideration to one John D. Mosely as an inducement to the said Mosely to the placing, or in consideration of having placed, in the hands of the said William W. Quarles a demand or claim against one William P. Molette, for the purpose of bringing suit or making claim against the said William P. Molette." "Second count.

That the said William W. Quarles is guilty of a willful violation of subdivision 6 of section 590 of the Code of Alabama, in this: That the said William W. Quarles did encourage the commencement or continuance of an action or proceeding against one William P. Molette for motive of interest."

Section 1 of the Act of March 4, 1901 (Acts 1900-1, p. 2227), on which the first count is based, reads as follows: "That it shall be unlawful for an attorney at law, either before or after action brought, to promise or give or offer to promise or give a valuable consideration to any person as an inducement to placing, or in consideration of having placed in his hands or in the hands of any partnership of which he is member, a demand of any kind, for the purpose of bringing suit or making claim against another, or to employ a person to search for and procure clients to be brought to such attorney." Subdivision 6 of section 590 of the Code of 1896, on which the second count is based, is as follows: "Duties of Attorneys. It is the duty of attorneys　\*　\*　\*. 6. To encourage neither the commencement nor continuance of an action or proceeding from any motives of passion or interest." While in the violation of either of these statutes, no punishment by fine or imprisonment is incurred, still the punishment imposed, that of disbarment from the practice of the law, renders them highly penal in their character. Such statutes are to be strictly construed. And proceedings under them on information in the name of the state, while not strictly criminal, are quasi criminal.—*Thomas v. State,* 58 Ala. 365.

These statutes are manifestly directed against a particular class—attorneys at law. *Thomas v. State, supra.* Unless the defendant against whom the charge is brought comes within that class, no conviction can be

[The State v. Quarles.]

had. It is an essential element in the constitution of the offense—a fact not only required to be proven, but one which should be averred in the complaint in order to charge an offense. Neither of the counts charge that the defendant is an attorney at law, and in this omission fails to state a substantial cause of action. The statutes under which the proceeding is had being criminal in their nature, in order to support the proceeding it is essential "that the information should with certainty disclose that the defendant is amendable to the proceeding and the facts constituting the misconduct of which complaint is made."—*Thomas v. State, supra.* The complaint in that case was much fuller and more particular in its averments than is the present complaint, and yet in that case it was held insufficient. We might repeat more that was said in that case which would be apposite here, but forbear to do so, being content with a reference to it as an authority conclusive of the case at bar.

The judgment of the lower court was in favor of the defendant, and no presumptions will be indulged here for the purpose of reversing that judgment. The information failing to charge an offense, errors arising on the trial in the introduction of evidence can but be regarded as errors without injury. Certainly, if the information is insufficient to support a judgment of conviction, in the failure to charge an offense, then the only proper judgment to be rendered would be one in favor of the defendant. These views render it unnecessary to consider other questions discussed by counsel.

Affirmed.

SIMPSON, ANDERSON, and MCCLELLAN, JJ., concur.