(101 So. 154)

## TOWN OF LINEVILLE v. GAUNTT.
### (7 Div. 928.)

(Court of Appeals of Alabama. June 30, 1924.)

1. **Municipal corporations ⬅=672—Ordinance requiring citizens to work streets held valid.**

An ordinance of a town governed by Code 1907, § 1336, which required all able-bodied male persons between 18 and 45 years of age living within town to work the streets 8 days in each year, on 3 days' notice, or pay $5 for exemption, *held* valid, and not to violate Const. 1901, § 89.

2. **Indictment and information ⬅=61—Matters judicially noticed need not be pleaded.**

Matters of which courts take judicial notice need not be stated in a complaint.

3. **Criminal law ⬅=304(7, 12)—Ordinances not judicially noticed.**

Courts judicially notice existence of municipal corporations, and their charter or statutory powers, but not their ordinances or by-laws.

4. **Municipal corporations ⬅=639(2) — Complaint for violation of ordinance must aver substance and authoritative ordination.**

A complaint for violation of municipal ordinance must show, not only facts constituting violation, but must aver substance of ordinance, its authoritative ordination as a rule of conduct in municipality, and that accused has violated it, and mere statement that acts done were in violation of a valid ordinance is insufficient.

5. **Municipal corporations ⬅=635 — Prosecutions under ordinances quasi criminal.**

Prosecutions for violation of municipal ordinances are quasi criminal.

6. **Criminal law ⬅=252(3) — Quasi criminal complaint failing to charge an offense requires acquittal.**

Complaint in a quasi criminal prosecution, failing to charge an offense, will not support conviction, and requires acquittal of defendant.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

Prosecution of V. M. Gauntt by the Town of Lineville for failure to work the streets.

Judgment of acquittal, and plaintiff appeals. Affirmed.

Walter S. Smith, of Lineville, for appellant.

The ordinance is valid. Butler v. Perry, 240 U. S. 238, 36 Sup. Ct. 258, 60 L. Ed. 672; Best v. Birmingham, 16 Ala. App. 353, 78 South. 102; M. & S. H. v. Kennerly, 74 Ala. 566; Ex parte Birmingham, 79 So. 116; Toone v. State, 178 Ala. 70, 59 South. 665, 42 L. R. A. (N. S.) 1045; Elliott on Roads & Streets (3d Ed.) § 480; Local Acts 1898-99, 220; Mobile v. Yuille, 3 Ala. 137, 36 Am. Dec. 441. The complaint sufficiently charged a violation of an ordinance. It was not necessary to set out the ordinance. Turner v. Lineville, 2 Ala. App. 454, 56 South. 603; Bell v. Jonesboro, 3 Ala. App. 652, 57 South. 140; Glenn v. Prattville, 14 Ala. App. 621, 71 South. 75.

Horace C. Wilkinson, of Birmingham, for appellee.

The complaint does not charge an offense against the ordinance. Miles v. Montgomery, 17 Ala. App. 15, 81 South. 351; Bouyer v. Bessemer, 17 Ala. App. 665, 88 South. 192; Benjamin v. Montgomery, 16 Ala. App. 389, 78 South. 167; Rosenberg v. Selma, 168 Ala. 195, 52 South. 742. The only proper judgment was an acquittal. State v. Quarles, 158 Ala. 54, 48 South. 499. The ordinance was void. Ex parte Birmingham, 201 Ala. 641, 79 South. 113.

FOSTER, J. [1] The bill of exceptions recites that it was agreed between appellant and appellee that the only question to be determined is the validity and constitutionality of Ordinance No. 60 of the town of Lineville.

The original charter of the town of Lineville vests in the mayor and councilmen, among other things—

* * * "Full and complete powers: * * * To open, repair, locate, establish and regulate streets and alleys, and to change, alter or abolish and vacate them or any part thereof; to establish pavement and sidewalks, and curb and grade them, and regulate the same, and make all salutary laws with respect to the use of the streets and sidewalks, and to this end is authorized to require such male inhabitants of said town between the ages of eighteen and forty-five years, not physically disabled, to perform labor upon the streets for a period of not more than ten days in each year, and may collect in lieu of such labor a street tax of not more than five dollars. * * *" Local Acts Alabama, 1898-99, pp. 215 to 221, § 12.

The Municipal Code is the governing charter now, and in section 1336, Code 1907, we find:

"The inhabitants of any municipality shall be exempt from working on the roads or highways outside the limits thereof, and may be required, for the support of the streets within such lim-

its, to pay a street tax of not exceeding five dollars per year."

In the case of Best v. City of Birmingham, 201 Ala. 641, 79 South. 113, where an ordinance similar to the one in this case was under consideration, our Supreme Court held:

"If the ordinance in question attempted to compel the inhabitant to perform so many days' labor on the streets, then it might be void, because not authorized by legislative authority, the statute only authorizing a levy of $5 as a commutation of the personal duty to work or maintain the streets; but the ordinance does not so attempt to compel the inhabitant to actually work on the street. It merely gives him the option to so work, in lieu of paying the $5 in commutation of this public duty. * * *"

Ordinance No. 60 of the town of Lineville reads as follows:

"To provide for the establishment, construction, working and maintenance of the public streets of the town of Lineville; and to provide and fix rules and prescribe penalties for their violation.

"Sec. 1. All persons living within the corporate limits of the town of Lineville are liable to work the streets of said town eight days in each year after having three days notice of the time and place to work by an officer authorized by the mayor to warn hands to work the streets of the town of Lineville, except those who are disqualified according to section 2 of this ordinance and those who prefer paying instead of working, and those who pay shall pay five dollars within the time allowed hands before beginning work after being warned, who shall during the said three days pay to the clerk of the town of Lineville five dollars which shall exempt him from street duty in said town of Lineville for that calendar year.

"Sec. 2. That all women, and all men under the age of eighteen and over the age of forty-five years, all persons who have lost an arm or leg, and all persons who by nature or disease are rendered incapable of hard labor who shall procure a certificate of such incapacity from the city health officer and one other practicing physician in said town of Lineville, are exempt from working on the streets of the town of Lineville.

"Sec. 3. Any person violating sections 1 or 2 of this ordinance shall be deemed guilty of a misdemeanor and on conviction may be fined not more than twenty-five dollars and imprisoned or sentenced to work on the streets of the town of Lineville not more than thirty days, either or both within the discretion of the court.

"Sec. 4. All laws and parts of laws in conflict with this ordinance be and the same are hereby repealed.

"Adopted and approved this 9th day of August, 1916."

The above ordinance makes all persons living within the corporate limits of the town of Lineville liable to work on the streets 8 days in each year, except those who are disqualified according to section 2, and those who prefer paying instead of working, and provides for the payment of $5 in lieu of working on the streets. Those who pay the $5 are not liable to work on the streets, but are by the ordinance exempted from such street work.

There is nothing in the ordinance which is inconsistent with the general laws of this state or which involves a violation of section 89 of the Constitution.

The complaint in this case reads as follows:

"The Town of Lineville, Ala., a municipal corporation, Plaintiff, v. V. M. Gauntt, Defendant.

"The plaintiff states and charges that the defendant, V. M. Gauntt, failed and refused to work the streets of the town of Lineville, Ala., after having been duly and legally warned to so work, or to pay $5 street tax in lieu thereof as required by ordinance in the year 1922, in violation of a valid ordinance of the said town of Lineville, Ala."

[2, 3] Matters of which courts take judicial notice are not required to be stated in a complaint. Courts take judicial notice of the existence of municipal corporations and their charter or statutory powers. Case v. Mayor of Mobile, 30 Ala. 538; Arndt v. City of Cullman, 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922.

"Facts essential to a cause of action, and of which courts do not take judicial notice, must be stated with that certainty that the court, on an admission of the facts stated, may say that a cause of action in favor of the party complaining exists." Miles v. City of Montgomery, 17 Ala. App. 15, 81 South. 351.

Courts do not take judicial notice of the ordinances and by-laws of municipal corporations. Case v. Mayor of Mobile, supra. Miles v. City of Montgomery, supra.

[4] A complaint for violation of a municipal ordinance must show, not only the facts constituting the violation of the ordinance, but must aver the substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it. The mere statement that the acts done were "in violation of a valid ordinance" of the municipality is not sufficient. Rosenberg v. City of Selma, 168 Ala. 198, 52 South. 742; Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 South. 167.

[5] The complaint in this case omitted a sufficient averment of authorized ordination by the municipality and the substance of the ordinance assumed to have been violated, and hence charged no offense. Prosecutions for the violation of ordinances of a municipal corporation are quasi criminal.

[6] Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not support a judgment of conviction, and the only proper judgment is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 South. 499.

It follows that the judgment of the circuit court discharging the defendant must be affirmed.

Affirmed.