269 So.2d 626

**Robert S. HARRIS**

v.

**CITY OF VESTAVIA HILLS.**

**6 Div. 338.**

Court of Criminal Appeals of Alabama.

Nov. 14, 1972.

Denaburg, Schoel & Meyerson and Thomas E. Maxwell, Birmingham, for appellant.

Charles M. Thompson, Birmingham, for appellee.

CATES, Presiding, Judge.

Conviction of a minor for possessing "and/or" consuming alcoholic beverages: fine of $25.00.

The last sentence of the judgment entry shows Harris paid the fine and was discharged. In such a case the appeal is not on a moot point. Johnson v. State, 172 Ala. 424, 55 So. 226.

Two errors are assigned. See Ray v. City of Prichard, 45 Ala.App. 32, 222 So.2d

345, cert. den. 396 U.S. 931, 90 S.Ct. 261, 24 L.Ed.2d 228. The first assignment is directed to the trial court's "overruling Defendant's Demurrer Number 1 * * *." The second assigns overruling the second demurrer.

I

■ The first ground says the complaint is void for vagueness. The amended complaint reads as follows:

"COMPLAINT

COUNT ONE

"Comes the City of Vestavia Hills, Alabama, a municipal corporation, and complains that Robert Sims Harris, a minor, within twelve (12) months before the beginning of this prosecution on, to wit, the 17th day of April, 1971, and within the City of Vestavia Hills, did possess and/or consume alcoholic beverages contrary to and in violation of Ordinance 73 of the City of Vestavia Hills.

"CALLAWAY & VANCE

Charles M. Thompson (sig)
By Charles M. Thompson

Attorneys for Plaintiff

City of Vestavia Hills"

While "and/or" is not worthy of Thackeray's elegant prose,[1] we believe that, without further grounds of demurrer, the charge validly is at least an alternative one either of possessing or consuming.

Ordinarily consuming a beverage presupposes a voluntary caption by mouth. It may well be argued that by reason of metamorphosis through body chemistry a beverage once consumed cannot scientifically be said to have retained its beverage properties, particularly with the alcohol being absorbed into the bloodstream. Hence, possess and consume from the use of

"and/or" presents one aspect that is meaningless. See Poucher v. State, 46 Ala. 272, 240 So.2d 694.

However, possessing and consuming are not semper et ubique mutually exclusive. The use of "and/or" cannot render the complaint void in toto. Moreover, this point was omitted in brief.

II

■ Appellant argues both his assignments together. The gist of claimed error is said to lie in the failure of the complaint (1) to aver the terms of the ordinance, and (2) to allege that it was duly adopted

The City in brief relies on Ex parte McElroy, 241 Ala. 554, 4 So.2d 437. But that opinion discusses the form of complaint in the recorder's court under the influence of the jeofails and amendment statute, Code 1940, T. 13, § 346. Here we are concerned with the adequacy vel non of the de novo complaint in the Circuit Court.

In Knight v. City of Birmingham, 43 Ala.App. 117, 180 So.2d 288, the complaint referred to "the General City Code of Birmingham of 1964." We take judicial notice of ordinances of some cities including Birmingham, but no statute extends this aid to the by-laws of Vestavia Hills.

In Young v. City of Attalla, 25 Ala.App. 255, 144 So. 128, after referring to the leading case of Rosenberg v. City of Selma, 168 Ala. 195, 52 So. 742, Bricken, P. J., went on to explain:

"The foregoing authorities, and numerous others of like import, expressly hold it is essential in a complaint of this character to aver, not only the facts constituting the violation of the ordinance in question, but in the complaint there must be set out the provisions or substance thereof and it must be averred *that the ordinance was duly adopted and or-*

---

1. Lord Simon L. C. in Bonitto v. Fuerst Bros. & Co., Ltd. [1944] A.C. 75 be-

moaned "the repeated use of the bastard conjunction 'and/or' * * *."

**174**

duined *prior to the commission of the offense*, by the proper municipal authorities. The mere statement, as a legal conclusion, that the acts of the accused were committed "in violation of an ordinance," will not suffice. The complaint in this case, on appeal, failed to aver that the alleged ordinance had been duly adopted and ordained by the mayor and city council of the city of Attalla prior to the alleged commission of the acts complained of, as the law requires." (Italics added.)

See also Miles v. City of Montgomery, 17 Ala.App. 15, 81 So. 351; and Taylor v. City of Decatur, 40 Ala.App. 571, 117 So. 2d 786.

Here, for aught appearing in the complaint, the City council could have adopted the ordinance averred therein ex post facto the violation charged. Hence, it was error to overrule the demurrer.

The disposition of this cause is controlled by Town of Lineville v. Gauntt, 20 Ala.App. 135, 101 So. 154, wherefrom we quote:

"The complaint in this case omitted a sufficient averment of authorized ordination by the municipality and the substance of the ordinance assumed to have been violated, and hence charged no offense. Prosecutions for the violation of ordinances of a municipal corporation are quasi criminal.

"Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not support a judgment of conviction, and the only proper judgment is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499."

■ Accordingly, the judgment of conviction is due to be reversed and one is here rendered ordering that the defendant below be discharged sine die. Code 1940, T. 15, § 390.

Reversed and rendered.

All the Judges concur.