310 So.2d 479

**Tracy Allan COOPER**

v.

**CITY OF DAPHNE.**

I Div. 524.

Court of Criminal Appeals of Alabama.

April 1, 1975.

Chason, Stone, Chason & Partin, Bay Minette, for appellant.

Francis A. Poggi, Jr., Fairhope, for appellee.

HARRIS, Judge.

Cooper was convicted in the Recorder's Court of the City of Daphne upon the following affidavit:

"STATE OF ALABAMA
BALDWIN COUNTY
CITY OF DAPHNE

"In the Recorders Court of the City of Daphne

"Before me, Phyllis S. Nesbit, Recorder of the City of Daphne, in and for said City, personally appeared Jesse L. Hart, Jr. who, being duly sworn, deposes and says on oath that he has probable cause for believing and does believe that in said City, on or about November 17, 1973 that one Tracy Allan Cooper did possess a controlled substance for personal use against the peace and dignity of the State of Alabama.

"Jesse L. Hart, Jr.

."Sworn to and subscribed before me this 17 day of November, A.D., 1973 Phyllis S. Nesbit, Recorder"

The judgment of conviction in the Recorder's Court recites:

"CASE NO. 2583      CITY OF DAPHNE
Possession of controlled      VS:
    substance      TRACY ALLAN COOPER

"Arresting Officer: Jesse L. Hart, Jr.

"Upon testimony taken in open Court, Attorney of Defendant being present, defendant found guilty of charge of Possession of Controlled Substance and fined $200.00 and costs.

"Signed: Phyllis S. Nesbit
        Phyllis S. Nesbit
        Recorder
        12/15/73

"STATE OF ALABAMA
COUNTY OF BALDWIN

"I, BARBARA ANN BAGGETTE, CLERK OF THE MUNICIPAL COURT OF DAPHNE, ALABAMA, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND EXACT COPY OF A TRANSCRIPT OF SAID CASE TAKEN FROM THE DOCKET BOOK. THIS CASE WAS APPEALED TO BALDWIN COUNTY CIRCUIT COURT IN BAY MINETTE AND HE REQUESTED A TRIAL BY JURY.

"Dated this 17th day of December, 1973.

"/s/ Barbara Ann Baggette
      Barbara Ann Baggette
      City Clerk-Treasurer"

Cooper took an appeal to the Circuit Court, Baldwin County, and demanded trial by jury. *No appeal bond was filed.*

■ Although one on trial in Recorder's Court for violation of municipal ordinance is entitled to a written complaint, if accused is arraigned and tried in such court without a written complaint, the jugment is not void because defendant proceeding to trial without demanding a written com-

plaint is deemed to have waived that right. Williams v. City of Birmingham, 41 Ala. App. 208, 133 So.2d 713.

Appellant went to trial upon the affidavit set out above but the question before us is does the affidavit state an offense in violation of a duly adopted ordinance of the City of Daphne. The affidavit does not refer to any ordinance adopted by the city. It concludes *against the peace and dignity of the State of Alabama*; that, and nothing more.

In Miles v. City of Montgomery, 17 Ala.App. 15, 81 So. 351, the late Mr. Justice Brown, then Presiding Judge of the old Court of Appeals, said:

"And it is well settled, unless by statute so required, courts do not take judicial notice of the ordinances and by-laws of municipal corporations.

\*      \*      \*      \*      \*      \*

"Hence it is essential to the statement of a cause of action in cases of this character that the complainant aver, not only the facts constituting the violation of the ordinance, but must set out the provisions of the ordinance or the substance thereof and aver that the ordinance was duly adopted and ordained, prior to the commission of the offense, by the proper official board—in this case the city commissioners of the city of Montgomery—and the mere statement, as a legal conclusion, that the acts of the defendant were done 'in violation of an ordinance' will not suffice, in the absence of a statement of the provisions of the ordinance or the substance thereof. Rosenburg v. City of Selma, 168 Ala. 195, 52 So. 742; Benjamin v. City of Montgomery [16 Ala.App. 389], 78 So. 167; Case v. City of Mobile [30 Ala. 538] supra; Eberlin v. Mayor of Mobile, 30 Ala. 548; Goldthwaite v. City Council of Montgomery, 50 Ala. 486; Tomlin v. City of Birmingham, 109 Ala. 243, 19 So. 521."

In the Town of Lineville v. Gauntt, 20 Ala.App. 135, 101 So. 154, the Court said:

"A complaint for violation of a municipal ordinance must show, not only the facts constituting the violation of the ordinance, but must aver the substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it. The mere statement that the acts done were 'in violation of a valid ordinance' of the municipality is not sufficient. Rosenberg v. City of Selma, 168 Ala. 198, 52 So. 742; Benjamin v. City of Montgomery, 16 Ala.App. 389, 78 So. 167.

"The complaint in this case omitted a sufficient averment of authorized ordination by the municipality and the substance of the ordinance assumed to have been violated, and hence charged no offense. Prosecutions for the violation of ordinances of municipal corporation are quasi criminal.

"Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not support a judgment of conviction, and the only proper judgment is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499."

In Whitehead v. City of Russellville, 54 Ala.App. 289, 307 So.2d 94, this Court said:

"A proper complaint by a city or town must allege an authoritative ordination to establish an offense against the municipality. Case v. Mobile, 30 Ala. 538; Taylor v. City of Decatur, 40 Ala.App. 571, 117 So.2d 786; Pearson v. City of Huntsville, 42 Ala.App. 458, 168 So.2d 24. On the other hand a State misdemeanor complaint in a circuit court trial de novo, under Code 1940, T. 15, § 363, must be signed by the District Attorney or his deputy. The form therein used begins, as required by § 170 of the 1901 Constitution: 'The State of Alabama, by its District Attorney complains of C.D. that \* \* \*.'

\*      \*      \*      \*      \*      \*

"In Harris v. City of Vestavia Hills, 49 Ala.App. 171, 269 So.2d 626, we quoted from Town of Lineville v. Gauntt, 20 Ala.App. 135, 101 So. 154. In this latter case we find:

'Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not suppport a judgment of conviction, and the only proper judgment is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499.'"

At the conclusion of the case, appellant made a motion to exclude the city's evidence and the motion was overruled.

Since the affidavit failed to charge a violation of an ordinance of the City of Daphne, the judgment of conviction was a nullity.

Accordingly, the judgment of conviction is due to be reversed and one is here rendered ordering that the defendant be discharged sine die. Title 15, Section 390, Code of Alabama 1940.

Reversed and rendered.

All the Judges concur.