HARRIS, Presiding Judge.
Appellant was convicted in the Municipal Court of Gulf Shores, for the offense of insulting a police officer. He was fined fifty dollars in addition to the court costs. He appealed to the Circuit Court of Baldwin County for a trial de novo. He did not demand a jury trial and was tried by, the circuit judge sitting without a jury. He was put to trial upon the original affidavit.
*985 Appellant filed a demurrer to the affidavit alleging inter alia that the affidavit failed to state an offense against the Criminal Code of the City of Gulf Shores, Alabama, and that the allegations of the affidavit were insufficient in that they were no more than a statement of the offense in the language of Section 13-6-19, Code of Alabama 1975. The demurrer was overruled and appellant was found guilty as charged in the original affidavit and assessed a fine of one hundred dollars. He appeals from this conviction.
The City of Gulf Shores did not see fit to file a brief on this appeal.
The evidence shows that appellant went to the Gulf Shores Police Department to post bond for his brother who had been arrested for a traffic violation while driving appellant’s car. Two officers decided to search appellant’s car after his brother had been released. When appellant objected to this search, one of the officers pulled out his badge and identified himself as a Deputy. Appellant replied, “I could give a shit who the hell you say you are.” He was then placed under arrest for insulting a police officer.
The affidavit under which this prosecution was commenced reads as follows:
“WARRANT AND AFFIDAVIT TOWN OF GULF SHORES
In the Municipal Court of Gulf Shores
“Before me, M. Salmon, Municipal Court Judge, in and for said City, personally appeared Deputy Roland Howell who, being duly sworn, deposes and says he has probable cause for believing, and does believe that in said City on or about April 29,1978 that one Mike Graves, did unlawfully make an insulting remark to such officer calculated to insult or humiliate such officer because of his performing such duty or duties. Title 14, Section 374(18), as set out in the Code of Alabama.
“Defendant is accused of being in violation of Title 14, Section 374(18), as set out in the Code of Alabama, against the peace and dignity of the Town of Gulf Shores, Alabama.
Signed Roland Howell
“Sworn to and subscribed before me, this
29 day of April 1978.
/s/ M_
JUDGE/MAGISTRATE”
The affidavit fails to allege violation of any ordinance of the Town of Gulf Shores and therefore fails to establish any offense with which appellant was charged. A proper complaint by a city or town must be based on a legally enacted ordinance of the municipality establishing an offense against the city. Of course, a city can by proper ordinance adopt the state law but no such ordinance was introduced into evidence in this case. Whitehead v. City of Russellville, 54 Ala.App. 289, 307 So.2d 94; Cooper v. City of Daphne, 54 Ala.App. 555, 310 So.2d 479. Further, the affidavit does not contain a statement of the remarks allegedly made by the appellant to the officer. Without a statement of the remarks made, the defendant comes into court with only a conclusionary accusation that his remarks either to, or about, the officer, were “insulting.” King v. State, 45 Ala.App. 71, 224 So.2d 254; Skelton v. City of Birmingham, Ala.Cr.App., 342 So.2d 933, and 937. The trial court erred in overruling appellant’s demurrer on these grounds.
For failure of the warrant and affidavit, by which this prosecution was commenced, to state an offense against the municipality of Gulf Shores, Alabama, the judgment of conviction was a nullity and this case must be reversed and rendered.
REVERSED AND RENDERED.
TYSON, DeCARLO and BOWEN, JJ., concur.