Appellant was arrested on July 19, 1980, by the City of Prattville Police Department in Prattville, Alabama, and charged with driving while intoxicated. He was tried in the Municipal Court of the City of Prattville on September 22, 1980, and was found guilty and fined two hundred fifty dollars ($250.00) and fourteen dollars ($14.00) in court costs. Appellant appealed to the Circuit Court of Autauga County, Alabama, for a trial de novo.
The City of Prattville filed the complaint signed by the City Attorney against appellant with the Circuit Court of Autauga County on October 1, 1980. The complaint read as follows:
 "The City of Prattville, Alabama, a municipal corporation organized and existing under the laws of the State of Alabama, by its attorney, complains that, on or about the 19th day of July, 1980, within twelve months prior to the commencement of this prosecution, and within the corporate limits or the police jurisdiction of said City: Paul Leonard Mays did operate a motor vehicle upon Kerlin Drive while intoxicated in violation of Section 32-5A-191, Code of Alabama, 1975, contrary to the provisions of a valid existing ordinance of the City of Prattville, Alabama, duly adopted and ordained by the City Council of said City, prior to the commission of said act or acts, and prescribing the punishment for violations thereof."
Appellant demurred to the complaint on the basis that §32-5A-191 of the Code of Alabama (1975) which the complaint referred to was not in effect on July 19, 1980, and that the complaint fails to set out the provisions or the substance of the ordinance appellant was to have violated. Appellant's demurrer was denied. He claims on appeal that denial of his demurrer was error.
Appellant entered a plea of not guilty. In a trial by jury he was found guilty and fined two hundred fifty dollars ($250.00). At the trial the City of Prattville introduced into evidence a certified copy of the ordinance which appellant allegedly violated. The relevant portion of that ordinance provides:
 "Section 1. Any person or corporation committing an offense within the corporate limits of the City of Prattville, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a misdemeanor, shall be guilty of an offense against the City of Prattville, Alabama.
. . . . .
 "Section 7. This ordinance shall become effective on January 1, 1980.
 "ADOPTED AND APPROVED THIS THE 18th DAY OF December
1979."
The complaint attempted to charge appellant with violation of § 32-5A-191 of the Code of Alabama (1975) (1980 Cumulative Supplement) which was adopted by a City ordinance of the City of Prattville, Alabama. § 13-5A-191 was enacted as part of the Alabama Rules of the Road Act, 1980 Alabama Acts, No. 80-434, p. 604. The Alabama Rules of the Road Act became effective on the 90th day after May 19, 1980, which was August 17, 1980. When appellant was arrested, § 32-5A-191 of the *Page 1116 Code of Alabama (1975) (1980 Cumulative Supplement) was not in effect.
Appellant contends on appeal that, because § 32-5A-191 was not in effect, it was error to deny his demurrer. In addition to enumerating § 32-5A-191, the complaint also specified that appellant "did operate a motor vehicle upon Kerlin Drive while intoxicated." § 32-5-170 of the Code of Alabama (1975) was in effect at the time of appellant's arrest. § 32-5-170 makes it unlawful for any person who is intoxicated to drive a motor vehicle upon any highway of the state. The elements set forth in the complaint charged appellant with violation of § 32-5-170
even though the complaint mistakenly specified § 32-5A-191.
Where the complaint sets forth full information of the nature of the offense, mis-recital of the code section does not render the complaint void if the information set forth constitutes an offense under any statute. Allen v. State, 33 Ala. App. 70,30 So.2d 479. See: Fitzgerald v. State, 53 Ala. App. 663,303 So.2d 162. If the information in the complaint adequately informs the accused of the nature of the offense he was charged with committing, then the reference to the code section is mere surplusage.
The complaint by the City of Prattville, however, does not set forth in substance the provisions of the ordinance, nor the ordinance number or name which appellant was to have violated. The complaint only generally refers to the ordinance by the words: ". . . contrary to the provisions of a valid ordinance of the City of Prattville, duly adopted and ordained by the City Council of said city. . . ."
In Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351, the late Justice Brown, then Presiding Judge of the Court of Appeals, said:
 "And it is well settled, unless by statute so required, courts do not take judicial notice of the ordinances and by-laws of municipal corporations.
* * * * * *
 "Hence it is essential to the statement of a cause of action in cases of this character that the complainant aver, not only the facts constituting the violation of the ordinance, but must set out the provisions of the ordinance or the substance thereof and aver that the ordinance was duly adopted and ordained prior to the commission of the offense, by the proper official board — in this case the city commissioners of the city of Montgomery — and the mere statement, as a legal conclusion, that the acts of the defendant were done `in violation of an ordinance' will not suffice, in the absence of a statement of the provisions of the ordinance or the substance thereof. Rosenburg v. City of Selma, 168 Ala. [195], 198, 52 So. 742; Benjamin v. City of Montgomery, [16 Ala. App. 389] 78 So. 167; Case v. City of Mobile [30 Ala. 538] supra; Eberlin v. Mayor of Mobile, 30 Ala. [548], 550; Goldthwaite v. City Council of Montgomery, 50 Ala. [486], 487; Tomlin v. City of Birmingham, 109 Ala. [243], 245, 19 So. 521."
In the case of Town of Lineville v. Gauntt, 20 Ala. App. 135,136, 101 So. 154, 155, it was stated:
 "A complaint for violation of a municipal ordinance must show, not only the facts constituting the violation of the ordinance but must aver the substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it. The mere statement that the acts done were `in violation of a valid ordinance' of the municipality is not sufficient. Rosenberg v. City of Selma, 168 Ala. [195], 198, 52 So. 742; Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 So. 167. "The complaint in this case omitted a sufficient averment of authorized ordination by the municipality and the substance of the ordinance assumed to have been violated, and hence charged no offense. Prosecutions for the violation of ordinances of municipal corporation are quasi criminal.
 "Where a complaint in a quasi criminal prosecution fails to charge an offense, it *Page 1117 
will not support a judgment of conviction, and the only proper judgment is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499."
Although the complaint refers to a statute of the State of Alabama (". . . Paul Leonard Mays did operate a motor vehicle upon Kerlin Drive while intoxicated in violation of Section32-5A-191, Code of Alabama, 1975 . . .), the complaint was brought in the name of the City of Prattville and was signed by the City Attorney. A prosecution under a state statute on trial de novo requires that the complaint be signed by the District Attorney. § 12-22-113, Code of Alabama (1975); Williamson v.City of Greenville, 39 Ala. App. 237, 97 So.2d 600; Pearson v.City of Huntsville, 42 Ala. App. 458, 168 So.2d 24; Whitehead v.City of Russellville, 54 Ala. App. 289, 307 So.2d 94 (1975). Therefore, if the case were treated s a prosecution under the state statute, it would require a reversal.
The complaint was brought in the name of the City and signed by the City Attorney and must be treated as a prosecution under the City ordinance only. The ordinance which the City of Prattville relies upon adopts the laws of the State of Alabama. That ordinance was properly introduced into evidence at trial in the Circuit Court. The complaint, however, lacks sufficient reference either in substance or by name to the City ordinance which appellant was charged with violating. Since appellant was prosecuted under the ordinance and not the state statute, the failure to refer to the ordinance either by name or in substance makes the complaint subject to demurrer. The trial court therefore erred in overruling appellant's demurrer.
For failure of the complaint to state an offense the judgment of conviction was a nullity. In Town of Lineville v. Gauntt,20 Ala. App. 135, 136, 101 So. 154, 155 (1924) it was stated:
 "Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not support a judgment of conviction, and the only proper judgment is an acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499."
Therefore, the judgment below must be reversed and one entered ordering that the defendant be discharged sine die.Graves v. Town of Gulf Shores, Ala.Cr.App., 371 So.2d 984;Whitehead v. City of Russellville, 54 Ala. App. 289,307 So.2d 94; Cooper v. City of Daphne, 54 Ala. App. 555, 310 So.2d 479.
REVERSED AND RENDERED.
All the Judges concur.