PATTERSON, Judge.
The appellant, Jerome James Amend, appeals the trial court’s summary denial of his petition for writ of error coram nobis wherein he contests the validity of his 1984 conviction for driving under the influence of alcohol and his resulting sentence of sixty days’ incarceration, of which fifty days were suspended, and a fine of five hundred dollars. In his petition, Amend asserts that the circuit court did not have subject matter jurisdiction because (1) the original complaint filed in the municipal court did not allege a violation of any duly adopted municipal ordinance, and, thus, the circuit court did not obtain subject matter jurisdiction, and (2) the complaint filed in the circuit court was signed by the city attorney rather than the district attorney. In support of his first contention, Amend relies upon Graves v. Town of Gulf Shores, 371 So.2d 984 (Ala.Cr.App.1979); Cooper v. City of Daphne, 54 Ala.App. 555, 310 So.2d 479 (Ala.Cr.App.1975); and Whitehead v. City of Russellville, 54 Ala.App. 289, 307 So.2d 94 (Ala.Cr.App.1975). See also Mays v. City of Prattville, 402 So.2d 1114 (Ala.Cr.App.1981). Amend relies on § 12-22-112, Code of Alabama 1975, in asserting his second contention. Compare Coleman v. State, 420 So.2d 808 (Ala.Cr.App.1982). The City of Mobile failed to submit a brief in answer to these allegations.
In observing the following general principles, we find that Amend’s asserted grounds are not cognizable under the remedy of the writ of error coram nobis:
“The writ of error coram nobis ... is concerned only with questions of fact, and ordinarily such remedy is not available to correct errors of law, apparent on the face of the record. Accordingly, a claim that the judgment complained of was contrary to the law and evidence does not aid the applicant for the writ, and the writ is not available to attack the validity of the judgment on jurisdictional grounds.”
24 C.J.S. Criminal Law § 1606(8) (19 — ) (footnotes omitted). See also Isbell v. State, 48 Ala.App. 152, 262 So.2d 639 (1972). Cf. Ellison v. State, 410 So.2d 130 (Ala.1982) (wherein our supreme court ruled that, since the issue of whether the indictment was sufficient was not raised at the original trial or on appeal, it was not proper for the remedy of error coram no-bis).
Instead, Amend’s contentions are cognizable under the remedy of the writ of habeas corpus. See, e.g., Barbee v. State, 417 So.2d 611 (Ala.Cr.App.1982). See also State v. McCurley, 412 So.2d 1233, 1235 (Ala.Cr.App.1981), cert. denied as to instant issue, 412 So.2d 1236 (Ala.1982) (for a discussion of the general principles defining the scope of the writ of habeas corpus). The reason that we must narrowly confine the remedy of the writ of error coram nobis, as we have in the instant case, is that, not only do the grounds on which relief is granted differ, the nature of the relief differs. The grounds differ because “[t]he petition [for writ of error coram no-bis] is not based on a contention that the judgment attacked is void, but concedes that the judgment is valid on its face, and that there is no error apparent on the face of the record.” 24 C.J.S. Criminal Law, supra, § 1606(6), at 678. In regard to the different relief, “[hjabeas corpus entitles the petitioner to discharge if his or her case is meritorious; coram nobis merely entitles the petitioner to a new trial.” Postconvicton Remedies in Alabama, 29 Ala.L.Rev. 617, 643 (1978) (footnotes omitted). By the nature of his allegations, Amend does not concede that the judgment is valid on its face and that the record, on its face, is without error. Furthermore, if, in fact, either of Amend’s contentions were to be *607 meritorious, the proper relief would be his discharge, not a new trial in a court deemed to be without jurisdiction.
Accordingly, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.